## Beckert *et al. versus* City of Allegheny *et al.*

1. The Act of Assembly of May 10th 1871, Pamph. L. 665, entitled "An Act relative to grading, paving, curbing and otherwise improving Troy Hill road in the city of Allegheny," and its supplement of April 1st 1872, Pamph. L. 607, authorized the councils of said city to grade, pave and curb said road from Vinial to Garden streets, which improvement was wholly within said city, the cost and expense of the same to be assessed by three disinterested freeholders of said city as viewers, "upon all property in said city and Reserve township which they should deem benefited thereby." *Held* (reversing the court below), that the act and its supplement are unconstitutional and void,

[Beckert *v.* City of Allegheny.]

as they do not express in the title the purposes for which they were enacted, and are of no effect as to persons outside the city of Allegheny.

2. It was contended that the bill ought not to be maintained because objection should have been made at the commencement or during the progress of the work, and that by remaining passive until the city had incurred the expense of constructing the road the relators were guilty of laches. *Held*, that they were not bound to object during the progress of the work or until the assessments were made, as until made they did not know what they would be required to contribute.

3. Dorsey's Appeal, 22 P. F. Smith 192, followed; Blood *v.* Mercelliott, 3 Id. 391, distinguished.

October 5th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the decree of the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1876, No. 185. In Equity.

This appeal was from a decree refusing an injunction, and dismissing complainant's bill in equity.

The bill was filed by F. Beckert and others, against the city of Allegheny and D. McFerron, treasurer of said city, and was in substance as follows :—

That by " An Act relative to grading, paving, curbing and otherwise improving Troy Hill road, in the city of Allegheny," approved May 10th 1871 (Pamph. L. 665), the councils of said city were authorized to grade, pave and set with curb-stone, Troy Hill road from Vinial street to Garden street.

That said act further provides that the cost and expense of said improvement shall be assessed upon all property in said city and in Reserve township, which they may deem benefited thereby—the apppointment of viewers, their action, and the lien and assessments, to be as far as possible as provided for street openings in said city, by an act entitled " An Act relative to streets in the city of Allegheny," approved April 1st 1870.

That by a supplement to said act, approved April 1st 1872 (Pamph. L. 607), entitled " A supplement to An Act entitled ' An Act relative to grading, paving, curbing and otherwise improving Troy Hill road, in the city of Allegheny, approved the 10th day of May, Anno Domini one thousand eight hundred and seventy-one,' " the councils of the city of Allegheny were authorized to issue bonds to an amount not exceeding seventy-five per cent of the estimates for such work, the money realized therefrom to be paid to the contractors as the work progressed.

Said supplement also provided that if said viewers shall find property outside of said city and Reserve township benefited by said improvement, they shall have power to assess the same as fully as though situate therein.

And further provided that the viewers' report, when confirmed by councils, should be final and conclusive, without exception or appeal; that a copy thereof should be filed in the prothonotary's

[Beckert v. City of Allegheny.]

office; that the assessments should be payable in four equal annual instalments with interest; that if any instalments thereof are not paid, liens shall be filed and writs of levari facias and scire facias issued thereon, and that said assessments and the interest, fees and costs shall remain a lien upon the property assessed from the commencement of the work until fully paid.

That the councils of said city, on the 27th of November 1872, adopted an ordinance authorizing the grading, paving, curbing and otherwise improving of Troy Hil road from Vinial street to Garden street, and by virtue thereof the street committee of councils contracted for the grading, paving and curbing of said street.

That the engineer of said city reported to the viewers appointed to make the assessments for said improvement, the cost of said improvement, and the controller of said city reported that bonds had been issued, for the purpose of said improvement, to the amount of $70,000; whereupon said viewers made an assessment upon the property of the plaintiffs situate in Reserve township, and of others situate in the city of Allegheny, in the sum of $84,445, which was subsequently, on the 25th day of November 1875, approved by the councils of said city.

That said improvement of Troy Hill road from Vinial street to Garden street is wholly within the corporate limits of the city of Allegheny.

That the plaintiffs are respectively owners of land in said township of Reserve, and said city of Allegheny, by its officers, threatens to enter liens against the lands of the plaintiffs.

The bill then averred that the said Act of May 10th 1871, and its supplement, are unconstitutional, null and void, as to the plaintiffs and their property, in that they empower the city of Allegheny to make and collect assessments upon persons and property not embraced within its corporate limits; that said act and its supplement are unconstitutional, null and void, because they do not express in their title the purpose for which they were enacted, and because they each contain more than one subject; that the plaintiffs have no adequate remedy at law to prevent the filing of liens against their lands.

And prayed for equitable relief as follows :—

1. That said city of Allegheny be restrained from entering liens against plaintiffs for said assessments.

2. That the said Act of Assembly of May 10th 1871, and its supplement, be declared unconstitutional and void, so far as it affects the plaintiffs and their property.

3. That said assessments upon the lands of the plaintiffs be declared null and void, and that the defendants may be enjoined and restrained from enforcing and collecting the same.

To which bill the defendants, on June 8th 1876, filed an answer admitting:

4 NORRIS—13

[Beckert *v.* City of Allegheny.]

That the facts set forth in plaintiffs' bill are true, and alleging: that Troy Hill road, from Vinial to Garden street, ascends a steep hillside, and the improvement, owing to the extent of the cut, rendered necessary in procuring a proper grade, is of but little benefit to any of the property abutting, whilst the cost of said improvement largely exceeds the value of said property; that the property of plaintiffs is situate within the "Reserve tract," and along and close to the city line; that plaintiffs have no other practical road to and from the business centres of Pittsburgh and Allegheny, and their property is largely benefited by said improvement.

A motion for a preliminary injunction was denied, June 26th 1876, and on the same day the cause was ordered on the equity argument list for final hearing on bill and answer.

On July 8th 1876, after argument, the court made the following decree:—

"Injunction refused and bill dismissed, without prejudice to complainants to set up the matters contained in the bill by way of defence to a scire facias on the lien, or any other common-law action."

From this decree this appeal was taken

*Miller & McBride* and *A. M. Brown*, for appellants.—As to property outside the city, the levies complained of are local assessments to pay for improvements that are a general benefit, and as such are unconstitutional: In re Washington Avenue, 19 P. F. Smith 352. The grading and paving of a street in a city must, from the necessity of the case, be regarded solely as a public benefit, as respects persons and property not within the corporate limits. The legislature cannot authorize a municipal corporation, charged with the subordinate government of persons and things within its limits, and having, as incident to this, power to tax these persons and things for local purposes, to impose a tax upon lands lying beyond the corporate limits: Cooley on Con. Lim. 500; Cooley on Taxation 121; Wells *v.* City of Weston, 22 Mo. 385; St. Charles *v.* Nolle, 51 Mo. 122; City of Covington *v.* Southgate, 15 B. Mon. 491; Morford *v.* Unger, 8 Iowa 82; Wilkey *v.* Pekin, 19 Ill. 160; New Albany *v.* Meekin, 3 Ind. 481; Butler's Appeal, 23 P. F. Smith 451.

The act in question and its supplement are unconstitutional, because they do not express in their title the purpose for which they were enacted. As has been argued, the only purpose of these enactments was the extension of the power of the city of Allegheny to make and collect assessments for grading, paving and curbing its streets, over persons and property in Reserve township, and other localities beyond its corporate limits. If so, the title should have expressed this purpose, and failing to do so, the acts are unconstitutional and void.

Notice is the primary object of the constitutional provision whose

[Beckert v. City of Allegheny.]

protection we invoke. But what resident of Reserve township, upon reading the titles of these acts, would imagine that under the harmless title of " An Act relative to grading, paving and curbing and otherwise improving Troy Hill road, in the city of Allegheny," a law was to be enacted subjecting his real estate to assessment and lien to pay for such improvement? Dorsey's Appeal, 22 P. F. Smith 192.

*W. B. Rodgers*, City Solicitor, and *M. W. Acheson*, for the appellee.—The improvement is a local benefit to a district composed of a part of Allegheny city and a part of Reserve township, and no property was assessed outside thereof.

The legislature may create such a district, and may tax a class of persons or lands benefited, to be designated by public agents appointed for that purpose, without regard to town, county or district levies : The People *v.* Brooklyn, 4 N. Y. 430 ; Shaw *v.* Dennis, 5 Gill. (Ill.) 416 ; The People *v.* Lawrence, 36 Barb. 177 ; Malchus *v.* Highlands, 4 Bush 547 ; Kirby *v.* Shaw, 7 Harris 258 ; Philadelphia *v.* Field, 8 P. F. Smith 320 ; Angell on Highways, sect. 171, and note. " Although the general law provides for the maintenance of all roads and bridges, by imposing upon each town the support of those that are within its limits, yet the legislature may undoubtedly by general provision, or special statute, modify this general rule in particular cases, to make the distribution of the burden more equal, than it might otherwise prove to be in its operation :" Com. *v.* Newburyport, 103 Mass. 135 ; Dow *v.* Wakefield, Id. 267 ; Town of Waterville *v.* Commissioners of Kennebec, 59 Me. 81 ; Norwich *v.* County Commissioners, 13 Pick. 60. Appellants err in claiming that the same rule governs this case as that governing taxation for municipal purposes.

The act contains but one subject, which is clearly expressed in the title. The inhabitants of the township saw the work in progress, and having allowed it to go on without interference, they cannot now ask to be relieved from their portion of the expense.

Mr. Justice GORDON delivered the opinion of the court, October 22d 1877.

Frederick Beckert and some twenty-six others, citizens and taxpayers of Reserve township, in the county of Allegheny, preferred their bill to the Common Pleas of said county, praying that the city of Allegheny be restrained from proceeding to collect certain assessments made upon their several properties in said township, for the payment of the cost of constructing a certain road, known as the Troy Hill road, situate wholly within the corporate limits of said city. The authority under which the city councils professed to act, in the making of the assessments complained of, will be found in an act of the General Assembly approved May 10th 1871, entitled

"An Act relative to grading, paving, curbing and otherwise improving Troy Hill road in the city of Allegheny," and its supplement, approved April 1st 1872. The act empowers the city councils to construct this road and as soon as the cost and expenses of such construction have been ascertained, " to appoint three disinterested freeholders of said city as viewers, whose duty it shall be to assess and apportion the said cost and expense upon all property in said city and Reserve township which they shall deem benefited thereby."

The plaintiffs complain of this act as unconstitutional and void, and, therefore, as not a sufficient warrant to the councils to authorize them to collect the assessments they have caused to be made, upon the property of the complainants in the township of Reserve.

In Dorsey's Appeal, 22 P. F. Smith 192, where the title to an act, in that case under consideration, set forth that it related to the liens of mechanics and others upon *leasehold* estates, and, in the body of the act, such liens were also given upon *freehold* estates, it was held that this latter part of the act was unconstitutional and void, because not mentioned in the title. As the language of the constitution, under which the above decision was made, is almost identical with that of our present one, we must regard the above-named case as decisive of the one in hand. And the argument is *a fortiori*, for, under the title of the act above mentioned, it might well be argued that, as it related to mechanics' liens, there was something, in the general subject itself, which might have induced an examination of the body of the enactment by those interested, whilst, in that under consideration, there is nothing which conveys the remotest hint that any inhabitant of Reserve township is at all interested therein. The words, "An Act relative to grading, paving, curbing and otherwise improving Troy Hill road, *in the city of Allegheny*," certainly notify all persons outside of the city limits, if of anything whatever, that the matters contained in the act of which they form the title, do not affect them. If then it be true, as is said in the case cited, that the purpose of this part of the constitution is that members of the legislature, and all others interested, may have notice of the contemplated legislation, in order that such as is secret and unwise may be discovered and prevented, then, the act under consideration certainly comes within its prohibition and is of no effect as to all persons outside of the city of Allegheny. Reference has been made to the case of Blood v. Marcelliott, 3 P. F. Smith 391, as analogous to that now being considered; but it is not so. There the title was "An Act to increase the boundaries of Forest county," and provision was made, in the body of the act, not only for the extension of the boundaries, but also for the re-location of the county seat. No one, we think, will dispute but that this case carries the question therein discussed to the extreme of constitutional relaxation; in order, however, to make it analogous to the case under discussion we

[Beckert *v.* City of Allegheny.]

must suppose the body of the Forest county act so altered as to provide for the re-location of the county seat of some adjacent county, or the taxation of the citizens of such county for cost of the erection of the public buildings of Forest county. Such a case would furnish a true analogy to the one in hand, but it would not be the case of Blood *v.* Marcelliott.

It has been argued, that this bill ought not to be maintained because preferred too late. It is said objection should have been made at the commencement or during the progress of the work; that by remaining passive until the city had incurred the expense of erecting the road, the relators were guilty of such laches as should close the ears of equity against their plaint. This objection, which would ordinarily be good, is successfully answered by the reply, that the city, in the building of the Troy Hill road, was engaged in an undertaking within in own lawful jurisdiction and power, and with which the relators could not interfere; that the unlawful act consisted, not in the making of the road, but in the attempt to compel the plaintiffs to pay for a city improvement, by assessments upon their property in Reserve township, and that they brought this bill as soon as possible after such assessments were made and confirmed; that they could not know, until after the assessments were made, that they would be called upon to contribute; hence, before that time, any interference on their part would have been considered as impertinent and unauthorized.

And now, October 22d 1877, it is ordered, adjudged and decreed, that the decree of the Court of Common Pleas, No. 2, of Allegheny county, dismissing the plaintiffs' bill, be reversed and set aside, at the cost of the appellees; and that the assessments procured to be made by the municipal officers of the city of Allegheny against the several properties of the plaintiffs, appellants, for and on account of the cost of grading, paving, curbing and otherwise improving Troy Hill road in said city, be adjudged void and of no effect; and that said city be enjoined from the collection or enforcement thereof by the entry or prosecution of any lien or liens against the said several properties of the plaintiffs, in the township of Reserve, or otherwise.