## Brown's Estate.   Evans's Appeal.

[Marked to be reported.]

*Lien of wages—Filing of claim—Acts,* 1872, 1887.

Under the acts of April 7, 1872, P. L. 47, and June 3, 1887, P. L. 337, wage claimants are not entitled to a lien on real estate for their wages unless their claims have been filed in the prothonotary's office within three months after they became due.

*Constitution—Title to act—Repeal of statute.*

The act of June 13, 1883, entitled " An act amending the act of 1872, so

that wages of servant girls, washerwomen, clerks and others shall be pre-
ferred and first paid out of the proceeds of the sale of the property of in-
solvent debtors owing wages to such servants or employees," enlarged the
class of wage claimants and re-enacted the proviso of the act of 1872,·
prohibiting a lien unless it was filed in the prothonotary's office, which
proviso had been repealed by the act of 1874. *Held* that, as the title to the
act of 1883 gave no notice of any intention to repeal the act of 1874 or to
impose any restrictions upon wage claimants, as to such provisions the
act would be void under art. 3, § 6, of the constitution, the title to the act
being misleading.

The act of June 3, 1887, P. L. 337, amended the act of 1872 and re-
enacted the proviso as to filing claims in the prothonotary's office. The
title to the act indicated its purpose, and the act repealed the act of 1874
by implication, being so clearly repugnant that the two acts could not
stand together.

Argued Nov. 8, 1892. Appeal, No. 329, Oct. T., 1892, by
James Evans, a lien creditor, from decree of C. P. No. 2, Alle-
gheny Co., Jan. T., 1890, No. 540, confirming auditor's report
distributing assigned estate of Daniel B. Brown. Before PAX-
SON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and
HEYDRICK, JJ.

Claims for wages as preferred claims.

The auditor, John G. Bryant, in reporting distribution of the
assigned estate, gave certain wage claims a preference out of
the realty fund over appellant's judgment, and surcharged
the assignee, S. O. Lowry, the amount necessary to pay the
wage claims which had been paid by him on appellant's judg-
ment. The wage claims had not been filed in the prothono-
tary's office within thirty days after they became due, and that
fact was made the ground of an exception to the auditor's al-
lowance of the claim.

The court, WHITE, J., dismissed the exceptions and con-
firmed the report.

*Errors assigned* were dismissal of exceptions, quoting them.

*John D. Shafer,* for appellant.—Wage claims must be filed
in the prothonotary's office: Act of June 13, 1883, as amended
by the act of June 3, 1887, P. L. 337.

*Joseph A. Guignon,* for appellee.—It was not necessary to
file claim in prothonotary's office: Rogers v. Glendower Iron
Works, 17 W. N. 444. The act of June 3, 1887, is of no ef-

fect, as it is merely a supplement to the repealed section of an act. A supplement is simply an addition to and does not re-enact by a mere recital of the section supplied. 'It evidently was the opinion of the legislature that the act of June 13, 1883, P. L. 117, did re-enact the proviso clause relative to filing claims, and with that thought they supplemented the said proviso clause by adding a scire facias clause in the supplemental act of 1887, P. L. 337. There can be no other proper construction to the act, as shown by its title, " A supplement to an act . . . . provid-ing the manner of collecting claims where liens have been filed against the real estate of the employer." The intention of the legislature was, therefore, merely the addition of the scire facias clause.

Granting that the act of June 13, 1883, P. L. 116, did not re-enact the proviso clause relating to filing the claim, the act of June 3, 1887, P. L. 337, is unconstitutional, in that the re-quirement of § 6 of article 3 of the constitution is not complied with. That requirement is, that " so much thereof as is re-vived," etc., " shall be re-enacted and published at length." The act of 1887 merely sets forth the repealed provisions of the act of April 9, 1872, P. L. 47, and adds thereto the proposed supplement. The same reason would apply, if it were con-tended that the legislature intended to re-enact the repealed provision, viz. : no part of the act to be revived being therein recited.

Therefore, the said act of 1872, as regards the filing of claims, is as it was after the express repealing act of May 8, 1874, P. L. 120.

OPINION BY MR. JUSTICE GREEN, January 3, 1893 :

The first section of the act of April 9, 1872, P. L. 47, gave a lien to all miners, mechanics, laborers and clerks, for their labor and services, to be paid out of the proceeds of sale of the prop-erty against which the lien was given, and prescribed the methods by which such claims should be established and col-lected. The third and last proviso to said section directed that no such claim should be a lien upon any real estate, unless the same was filed in the prothonotary's office of the county in which such real estate was situated, within three months after the same became due and owing, in the same manner as me-chanics' liens are filed.

A supplement to this act was passed on May 8, 1874, P. L. 120, repealing the above proviso to the first section of the act of 1872.

On June 13, 1883, P. L. 116, another act was passed, entitled an act to amend the first section of the act of 1872, "amending said act so that wages of servant girls, washerwomen, clerks and others shall be preferred and first paid out of the proceeds of the sale of the property of insolvent debtors owing wages to such servants or employees." This act consisted of but one section, which directed that so much of section one of the act of 1872, which reads as follows, and then recited the whole of the section, including the last proviso, be amended so as to read as follows, and then inserted a new provision extending largely the class of persons who should thereafter be entitled to the lien. The new classes were "servant girls at hotels, boarding houses, restaurants or in private families, or other servants and helpers, in and about said houses of entertainment and private houses, porters, hostlers, all persons employed in and about livery stables, laundry men and washerwomen, seamsters and seamstresses employed by merchant tailors, milliners, dressmakers, clothiers, shirt manufacturers, and clerks employed in stores, hands, laborers, mechanics, printers, apprentices hired for wages or salary." Proceeding with the recital of the first section of the act 1872, the act continues and copies all three of the provisos of that section, and the third of them, which prohibits a lien unless it is filed in the prothonotary's office, was thus apparently restored. There was, however, no clause repealing the second section of the act of 1874, which repealed the last proviso of the first section of the act of 1872, nor was there any general clause repealing all inconsistent legislation. The title of the act of 1883 gave no notice of any intention to repeal the act of 1874, or to impose any restriction upon the right of the several classes of persons entitled to the benefits of the act, by requiring a lien to be filed in the prothonotary's office. But it did declare that the purpose of the act was to amend the act of 1872, so that the wages of servant girls, washerwomen and others, should be preferred. When that purpose was accomplished, all that the act proposed to do was done, and if the title is to be held sufficient to embrace the restriction of the third proviso of the first section of the act of 1872, the title

would be misleading and obnoxious to several of our decisions: Dorsey's Ap., 72 Pa. 192; Mauch Chunk v. McGee, 81 Pa. 433; Beckert v. Allegheny, 85 Pa. 191. Were the decision of this case to depend upon the act of 1883 alone, we would feel constrained to hold that it would be in conflict with the 3d section of the 3d article of the constitution, which requires that the subject of the law shall be clearly expressed in its title.

But on June 3, 1887, P. L. 337, another act was passed which it seems to us cannot be disregarded. It contains but a single section, and it is entitled "A supplement to an act entitled 'An act to amend the first section of an act for the better protection of the wages of mechanics, miners, laborers and others,'" approved the ninth day of April, one thousand eight hundred and seventy-two, amending said act so that the wages of servant girls, washerwomen, clerks and others, shall be preferred and first paid out of the proceeds of the sale of the property of insolvent debtors, owing wages to such servants or employees, approved the thirteenth day of June, one thousand eight hundred and eighty-three, providing the manner of collecting claims where liens have been filed against the real estate of the employers. The act recites only the third proviso of the act of 1872, repeated in the act of 1883, and declares its purpose to amend *that proviso*. And it does amend it, by repeating it, and adding to it a clause for the collection of such claims by writ of scire facias, to be proceeded with to judgment and execution in the same manner as a scire facias is now issued on a mechanics' lien and proceeded on to judgment and execution. The title of this act indicates with entire correctness the intent to provide a remedy for the collection of the claims of all classes who were clothed with the right of lien by the act of 1883, and as a matter of course it recognizes, and treats as in force, the proviso clause of that act, and of the act of 1872, which restricts the right to have a lien to those who file their claims as liens within three months after they have matured. There is nothing else in this last act of 1887 but this one subject, and it is clearly indicated in the title. While it does not contain any repealing clause of the act of 1874, it is so clearly and absolutely in antagonism with it, that the two cannot stand together. We are therefore obliged to hold that the act of 1887 is a valid law, and that the claimants of the liens in the present case, not hav-

ing complied with its requirements, cannot avail themselves of the rights of lien conferred by the acts of 1872 and 1883. We have no power to abrogate or disregard the absolute provisions of the act of 1887. That can only be done by the legislature.

The judgment of the court below is reversed at the cost of the appellees and record remitted with instructions to correct the distribution in accordance with this opinion.