## Commonwealth v. Lakey.

*Constitutional law—Title of act—Repeal of statutes—Acts of May 28, 1885, and April 14, 1925—Protection of children—Abuse of female child—Criminal law.*

1. The Act of April 14, 1925, P. L. 234, entitled "An act relative to boarding-houses for infants, providing for the licensing thereof," etc., is defective in title, in so far as it attempts in the 15th section thereof to repeal the 1st section of the Act of May 28, 1885, P. L. 27, which makes the taking of a female child under sixteen years of age for prostitution or sexual intercourse, or in marriage without the consent of parents or guardians, a misdemeanor, and in this respect is unconstitutional and void.

2. There is nothing in the title of the Act of 1925 to indicate any purpose to repeal the Act of 1885.

Indictment for prostituting child under sixteen years. Q. S. Cambria Co., Dec. Sess., 1925, No. 155.

Before Evans, P. J., McCann, J., and Reed, P. J., O. C., specially presiding.

*Fred Fees,* Assistant District Attorney, for Commonwealth.

*Percy Allen Rose,* for defendant.

REED, P. J., Orphans' Court, specially presiding, trial judge, March 1, 1926. —The defendant was indicted on two counts, as follows: First, that he unlawfully did take one Margaret Krutendorfer, a female child under the age of sixteen years, for the purpose of prostitution and sexual intercourse, contrary to the form of the act of the general assembly in such case made and provided; and, second, that he unlawfully did take one Margaret Krutendorfer, a female child under the age of sixteen years, for the purpose of marriage, then and there without the consent of the father, mother, guardian and other persons having legal custody of her, the said Margaret Krutendorfer.

The defendant was indicted under the provisions of section 1 of the Act of May 28, 1885, P. L. 27, which provides as follows: "Be it enacted, etc., That

any person who takes a female child under the age of sixteen years for the purpose of prostitution or sexual intercourse, or, without the consent of her father, mother, guardian or other person having legal custody of her person, for the purpose of marriage, or who enveigles or entices any such minor female child into a house of ill-fame, or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, shall, in every such case, be guilty of a misdemeanor."

When the case came on to be heard and before the jury was sworn, Mr. Rose, attorney for the defendant, made the following motion: "And now, Dec. 16, 1925, the above named defendant, by his attorney, Percy Allen Rose, moves to quash the bill of indictment in the above stated case for the following reasons, to wit: The Act of Assembly of May 28, 1885, P. L. 27, under which the said bill of indictment is drawn, is repealed by the Act of 14th of April, 1925, P. L. 234." To which motion the court replied: "The court does not believe that the Act of May 28, 1885, is wholly repealed by the Act of April 14, 1925; therefore, the motion is overruled, exception noted and bill sealed for the defendant."

The defendant was then directed to enter a plea, and a plea of not guilty was entered and the case was duly tried, resulting in a verdict of guilty on both counts of the indictment.

During the trial counsel for the defendant consistently objected to all of the evidence submitted on the part of the Commonwealth, on the grounds that the defendant should be dismissed by reason of the alleged repeal of the act of assembly under which the indictment was drawn, and the court overruled all of these objections, granting the usual exception. At the close of the evidence and before the argument, counsel for defendant presented four points to the court; the first three of which were affirmed and the last, which reads as follows: "Under all the evidence in the case, the verdict must be not guilty," was denied. After a verdict, the usual motion for a new trial and in arrest of judgment was made and reasons in support of same were filed. These reasons are as follows:

"First. The court erred in refusing to quash the bill of indictment for the reasons assigned in the motion therefor.

"Second. The court erred in not discharging the defendant from the custody of the law, for the reason that the Act of Assembly of May 28, 1885, P. L. 27, under which the indictment was drawn, was repealed by the Act of April 14, 1925, P. L. 234.

"Third. The verdict of the jury of guilty under both counts of the bill of indictment is inconsistent and cannot be sustained.

"Fourth. The bill of indictment does not allege any offence, either under the statute or at common law.

"Fifth. The court erred in refusing the defendant's fourth point for charge."

It will be seen, therefore, that the main contention of counsel for defendant is that the Act of 1885, under which this indictment was drawn, has been repealed, and in order to determine that question, it is necessary for us to take up the several acts of assembly relating to the subject-matter before us.

On June 11, 1879, there was an act of assembly passed, the title of which is as follows: "To protect children from neglect and cruelty and relating to their employment, protection and adoption," and on May 28, 1885, an act was passed entitled: "Supplementary to an act, entitled 'An act to protect children from neglect and cruelty, and relating to their employment, protection and adoption,' approved the eleventh day of June, one thousand eight hundred

and seventy-nine, providing for the further protection of minors and regulating the boarding and maintaining of infant children for hire." The first section of this supplementary act is the one which we have hereinabove quoted, under which this indictment was drawn, and it will be noted that it applies directly to the taking of a female child under the age of sixteen years for the purpose of prostitution or sexual intercourse, or enticing such child into a house of ill-fame, or taking such child away for the purpose of marriage, without the consent of the father, mother, guardian or other person having legal custody or control of said minor. This section, in its entirety, is not contained in the Act of June 11, 1879, P. L. 142, although there are several sections in the last mentioned act which were passed for the protection of female children.

On April 14, 1925, an act was passed, the title of which reads as follows: "Relating to boarding-houses for infants, providing for the licensing thereof and the adoption of rules and regulations for the maintenance, operation and conduct thereof by the Department of Welfare; and fixing penalties," and section 15 of said act reads as follows: "Acts repealed. The following acts are hereby repealed absolutely:

"An act, approved the twenty-eighth day of May, one thousand eight hundred and eighty-five (Pamphlet Laws, twenty-seven), entitled 'An act supplementary to an act, entitled 'An act to protect children from neglect and cruelty, and relating to their employment, protection and adoption,' approved the eleventh day of June, one thousand eight hundred and seventy-nine, providing for the further protection of minors, and regulating the boarding and maintaining of infant children for hire.' "

It is by reason of this section 15 that counsel for the defendant insists that the Act of May 28, 1885, P. L. 27, was wholly repealed, but a careful reading of the title of the Act of April 14, 1925, P. L. 234, does not disclose the slightest intimation of any intention of the legislature to repeal this act of assembly, and especially section 1 thereof, under which the defendant was indicted, for it specially sets forth that the act relates to boarding-houses of infants, licensing the same, adopting rules and regulations for maintenance, operation and conduct thereof by the Department of Welfare, and the fixing of penalties, and it is assumed that the purpose of the act was to give greater protection to infants and further their interests or welfare, but it is not conceivable that the legislature ever intended to take away from female children under the age of sixteen the protection it gave them by the provisions of section 1 of the Act of 1885, without supplying a remedy.

Furthermore, article III, section 3, of the Constitution of Pennsylvania, provides as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

As the title of the Act of June 11, 1879, clearly sets forth that it is "An act to protect children from neglect and cruelty and relating to their employment, protection and adoption," and the supplementary act clearly sets forth in its title that it is also an act of assembly for the protection of children, we hold that before an act can repeal and take away the protection afforded to female children by the Acts of 1879 and 1885, it should clearly express its object in the title thereto, and, therefore, that section 15 of the Act of April 14, 1925, P. L. 234, which attempts to repeal section 1 of the Act of May 28, 1885, P. L. 27, under which this indictment was framed, is unconstitutional and void.

Commonwealth *v.* Lakey.

In the case of Dorsey's Appeal, 72 Pa. 192, it was held that an act relating to the liens of mechanics, materialmen and laborers upon leasehold estates, one section extending the liens to freeholds, was unconstitutional, freeholds not being a subject clearly expressed in the title. Justice Agnew, in delivering the opinion of the court in this case, said: "The second amendment to the Constitution, adopted in 1864, provides that 'no bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills.' . . . But a restriction in a title, which tends to mislead, stands on a different footing. The purpose of the amendment is to prevent a number of different and unconnected subjects from being gathered into one act and thus to prevent unwise or injurious legislation by a combination of interests. Another purpose was to give information to the members or others interested, *by the title of the bill,* of the contemplated legislation, and thereby to prevent the passage of unknown and alien subjects, which might be coiled up in the folds of the bill. The amendment was found necessary to correct the evils of unwise, improvident and corrupt legislation, and, therefore, is to receive an interpretation to effectuate its true purpose. It would not do to require the title to be a complete index to the contents of the bill, for this would make legislation too difficult and bring it into constant danger of being declared void. But, on the other hand, the title should be so certain as not to mislead. . . . Perhaps a very cautious man might look into the body of a bill with this title to see whether other articles were embraced in it, but certainly only a few persons would think it necessary. We think the title does not even point to freehold estates, and, therefore, that the sixth section of this act is not constitutional."

Again directing attention to the title of the act which attempted to repeal section 1 of the Act of 1885, it will be noted that, as suggested by Justice Agnew in the case just cited, the title does not even point to any intention on the part of the legislature to repeal this Act of May 28, 1885, P. L. 27, thereby taking away the protection that section 1 of that act has given to female children.

In the case of Beckert *v.* City of Allegheny, 85 Pa. 191, Mr. Justice Gordon, in delivering the opinion of the court, said: "In Dorsey's Appeal, 72 Pa. 192, where the title to an act, in that case under consideration, set forth that it related to the liens of mechanics and others upon leasehold estates, and, in the body of the act, such liens were also given upon freehold estates, it was held that this latter part of the act was unconstitutional and void, because not mentioned in the title. As the language of the Constitution, under which the above decision was made, is almost identical with that of our present one, we must regard the above named case as decisive of the one in hand. And the argument is a *fortiori,* for, under the title of the act above mentioned, it might well be argued that, as it related to mechanics' liens, there was something in the general subject itself which might have induced an examination of the body of the enactment by those interested, whilst, in that under consideration, there is nothing which conveys the remotest hint that any inhabitant of Reserve Township is at all interested therein. The words 'An act relative to grading, paving, curbing and otherwise improving Troy Hill Road, in the City of Allegheny,' certainly notify all persons outside of the city limits, if of anything whatever, that the matters contained in the act of which they form the title do not affect them. If then it be true, as is said in the case cited, that the purpose of this part of the Constitution is that members of the legislature and all others interested may have notice of the contemplated legislation in order that such as is secret and unwise may be

discovered and prevented, then the act under consideration certainly comes within its prohibition and is of no effect as to all persons outside of the City of Allegheny."

In the case of Ruth's Appeal (Supreme Court), 10 W. N. C. 498, it was held: "The Act of April 7, 1877, P. L. 83, entitled 'A further supplement to an act to incorporate the City of Scranton,' which provides for repeal of a clause of a special act relating to the collection of taxes in said city, is unconstitutional and void because it does not clearly express the subject thereof in the title."

In the case of Brown's Estate, 152 Pa. 401-04, Mr. Justice Green, in delivering the opinion of the court, uses the following language: "The title of the Act of 1883 gave no notice of any intention to repeal the Act of 1874 or to impose any restriction upon the right of the several classes of persons entitled to the benefit of the act by requiring a lien to be filed in the prothonotary's office, but it did declare that the purpose of the act was to amend the Act of 1872 so that the wages of servant girls, washer women and others should be preferred. When that purpose was accomplished, all that the act proposed to do was done, and if the title is to be held sufficient to embrace a restriction of the third provision of the first section of the Act of 1872, the title would be misleading and obnoxious to several of our decisions: Dorsey's Appeal, 72 Pa. 192; Mauch Chunk *v.* McGee, 81 Pa. 433; Beckert *v.* City of Allegheny, 85 Pa. 191. Were the decision of the case to depend upon the Act of 1883 alone, we would feel constrained to hold that it would be in conflict with the third section of the third article of the Constitution, which requires that the subject of the law shall be clearly expressed in its title."

Supporting the position that the intention of the act must be clearly set forth in the title, we also cite the cases of State ex rel. *v.* Pierce, 32 Pac. Repr. 924, and the case of In re Winn, 54 Pac. Repr. 516, the first case being from the Supreme Court of Kansas and the last case being from the Appellate Court of Kansas.

Therefore, for the reasons above given, all of the reasons in support of defendant's motion for a new trial and in arrest of judgment are overruled.

And now, March 1, 1926, all the reasons urged in support of defendant's motion for a new trial and in arrest of judgment are overruled and the motion for a new trial and in arrest of judgment is denied and the defendant is directed to appear for sentence on March 8, 1926, at 10 o'clock A. M.

From Henry W. Storey, Jr., Johnstown, Pa.