## Commonwealth *v.* Lakey, Appellant.

*Criminal law—Taking minors for purposes of prostitution—Statutes—Constitutional law—Repeal.*

The Act of May 28, 1885, P. L. 27, is not repealed by the Act of April 14, 1925, P. L. 234, entitled "an act relating to boarding houses for infants, providing for licensing thereof and the adoption of rules and regulations for the maintenance, operation and conduct thereof by the department of welfare and fixing penalties."  Its title contains no reference to the repealing clause, which is a different subject so far as the first and fourth sections of the Act of 1885, P. L. 27, is concerned.  Because of its defective title it does not repeal the first section of the Act of 1885, which latter act is still in force and effect.

Argued April 21, 1926.  Appeal No. 184, April T., 1926, by defendant, from judgment of Q. S. Cambria County, December Sessions, 1925, No. 158, in the case of Commonwealth of Pennsylvania v. John Lakey.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Indictment under the Act of May 28, 1885, P. L. 27, for taking female child for purposes of sexual inter-

course and for the purpose of marriage without the consent of parents. Before REED, P. J. O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was refusal to quash indictment.

*Percy Allen Rose,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The defendant was convicted on an indictment containing two counts, the first of which charged him with unlawfully taking a female child under the age of sixteen years for the purpose of prostitution, and in the second count with unlawfully taking a female child under the age of sixteen years for the purpose of marriage without the consent of the parents or guardian. The indictment was drawn under the first section of the Act of May 28, 1885, P. L. 27. The single question presented is whether the act was repealed by the Act of April 14, 1925, P. L. 234? The Act of 1885 was passed as a supplement to the Act of June 11, 1879, P. L. 142, which is entitled "an Act to protect children from neglect and cruelty, and relating to their employment, protection and adoption." The act prescribes numerous offences relating to the welfare of children and the custody and control of them. The Act of 1885 is entitled "an Act supplementary to an act, entitled 'an act to protect children from neglect and cruelty, and relating to their employment, protection and adoption,' approved the eleventh day of June, one thousand, eight hundred and seventy-nine, providing for the fur-

ther protection of minors, and regulating the boarding and maintaining of infant children for hire.'' The first section of this statute declares that the acts charged against the defendant of which he was convicted are misdemeanors. The second section provides that any person who shall engage in the business of receiving, boarding or keeping infant children under the age of three years for hire or reward, who shall take more than two such children without legal commitment or without first having obtained a license in writing so to do from the mayor of the town or a justice of the peace or a magistrate in the locality wherein such children shall be received, shall be guilty of a misdemeanor. The third section authorizes the issuing of licenses by the mayor of any town or any justice of the peace of the locality to receive and board such infants. The fourth section makes it a misdemeanor for any person in charge of any dance house, concert saloon, theater, museum, or similar places of amusement, where wines or spirituous or malt liquors are sold or given away, or any place of entertainment injurious to health or morals, to admit or permit to remain therein any minor under the age of eighteen years unless accompanied by a parent or guardian. The Act of 1925 is entitled ''an act relating to boarding houses for infants; providing for licensing thereof and the adoption of rules and regulations for the maintenance, operation, and conduct thereof, by the department of welfare; and fixing penalties.'' As will be seen it is not an amendment of the Act of 1879 or the Act of 1885 nor has it any relation to the subject of the Act of 1879. The Act of 1885 is distinctly made an amendment to the Act of 1879 and adds thereto the prohibitions contained in the first and fourth sections of the amendment. There is nothing in the Act of 1925 which supplies the provisions of the first and fourth sections of the Act of 1885. It relates wholly to boarding houses

for infants and provides regulations therefor. It contains however in the fifteenth section a repeal of the Act of May 28, 1885, as well as the Act of April 27, 1909, P. L. 211, and the Act of June 9, 1911, P. L. 854. It is in reliance on this repealing section that the appellant contends he is not amendable to punishment under his conviction. If the repeal were effectively enacted it is clear that the conviction cannot be sustained. It is contended however by the Commonwealth and was so held by the court below that inasmuch as the Act of 1925 bore no relation to the Act of 1879 nor to the subject of the first section of the Act of 1885 and contained in its title no notice or intimation of the intention to repeal that section, the repeal with respect thereto is ineffective under section three, article three of the constitution, which provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." To the extent that the Act of 1925 legislates on the same subjects to which the Act of 1885 applies, there is a clear repeal, but inasmuch as the statute has no reference to the penal provisions of the Act of 1885 and contains no notice in the title of the proposed repeal, it is within the prohibition of the constitution. The purpose of the article has been much discussed and frequently enforced. It requires that the statute shall have but one subject which shall be clearly expressed in the title. But one subject is mentioned in the title under consideration. That is expressed with sufficient clearness, but no mention is made of the repealing clause which is a different subject so far as the first section of the Act of 1885 is concerned. It may also be said that the title is misleading in that it puts an inquirer off his guard with respect to the scope of the enactment. It cannot be said that the provisions of the Act of 1925 are inconsistent with the penal provisions of the first section of the amendment

of 1885. That section is consonant with the Act of
1879 as is conceded by the appellant, and the title of
the Act of 1925 should have made reference to its pro-
posed repeal. Why the repealing section was intro-
duced and adopted so far as it relates to the first sec-
tion of the amendment is not evident. That contained
an important prohibition in aid of the welfare of in-
fant children and the Act of 1925, which is said by the
learned counsel for the appellant to be a reenactment
of the provisions of the prior statutes on the subject
of the care of minors in boarding houses, takes no no-
tice of offences of the character involved in the prose-
cution against the defendant. If the title of the Act of
1925 be held to be sufficient to support the repeal of
the section in question, the conclusion would be incon-
sistent with numerous adjudications: Dorsey's App.,
72 Pa. 192; Mauch Chunk v. McGee, 81 Pa. 433; Beck-
ert v. Allegheny, 85 Pa. 191; Brown's Estate, 152 Pa.
401. Our opinion is that the Act of April 14, 1925, be-
cause of its defective title, does not repeal the first
section of the Act of May 28, 1885. It follows that the
judgment of the Court of Quarter Sessions was cor-
rectly entered.

The assignment is overruled and the judgment af-
firmed, and it is ordered that the defendant appear in
the court below at such time as he may be there called
and that he be by that court committed until he has
complied with the sentence or any part of it which had
not been performed at the time the appeal in this case
was made a supersedeas.