Edgeworth Water Co., Appellant, *v.* Sewickley Boro. et al.

Argued September 29, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph A. Beck,* for appellant.—When a borough supplies water outside of the borough, it does not come within the rule of Lehigh Water Co.'s App., 102 Pa. 515.

The prior rights of appellant may not be affected by the later incorporation of defendant: Freeport Water Co. v. Prager, 129 Pa. 605; Com. v. Gas Co., 214 Pa. 72.

A certificate of public convenience is required before the connection may be made: Bethlehem City Water Co. v. Bethlehem Boro., 253 Pa. 333; Bethlehem v. Allentown, 275 Pa. 110.

The Act of 1873 fails to state in its title that territory outside Sewickley may be served, and is therefore unconstitutional: Beckert v. Allegheny, 85 Pa. 191; Phœnixville Road, 109 Pa. 44; Quinn v. Cumberland Co., 162 Pa. 55.

*Charles K. Robinson,* with him *Charles A. Woods, Jr., Dickie, Robinson & McCamey, Robert A. Applegate* and *Rose & Eichenauer,* for appellees.—The Act of 1874 creates rights exclusive only against future private companies: Lehigh Water Co.'s App., 102 Pa. 515; Freeport Water Works Co. v. Prager, 129 Pa. 605.

No certificate of public convenience is necessary for the mere use of existing facilities: Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24.

The Act of 1873 is constitutional: Sloan v. Klein, 230 Pa. 132; Reeves v. Water Co., 287 Pa. 376; State Line, etc., R. R. Co.'s App., 77 Pa. 429.

*John A. Emery,* Solicitor for Edgeworth Borough, amicus curiæ, on behalf of Edgeworth Borough.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

In its history of the case plaintiff (appellant) says: "This is an equity proceeding to restrain the defendants from supplying water to Edgeworth Club in the Borough of Edgeworth." In the printed arguments of both sides, in the supplemental briefs and in the one submitted as amicus curiæ, the scope of the proceeding would seem to be wider. We will confine our review to what appellant says is before us, perhaps incidentally making reference to one matter in a wider view.

Speaking generally, we are to decide whether the plaintiff, the Edgeworth Water Company, has the exclusive right to supply water to the Edgeworth Club and whether the furnishing of water to the club by the commissioners of Sewickley Water Works is an intrusion by the latter into the former's territory.

Edgeworth Water Company was incorporated June 19, 1883, under the General Corporation Act of April 29, 1874, P. L. 73, for the purpose of supplying water to the public in Leet Township, Allegheny County. Edgeworth Borough was carved out of Leet Township in 1904. It adjoins the Borough of Sewickley. Clause 3 of section 34 of the Act of 1874 contains this provision relating to water companies: "The right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one; and no other company shall be incorpo-

rated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum per annum upon its capital stock."

The Borough of Sewickley was incorporated in 1853, under the General Borough Law of April 3, 1851, P. L. 320. The commissioners of Sewickley Water Works were created under a special act of assembly approved February 21, 1873, P. L. 147, the title of which reads, "An act authorizing the erection of water works in the Borough of Sewickley by commissioners, and the issue of borough bonds, and the levy of a special water tax." The act creates a board of commissioners of five persons for the purpose of erecting and maintaining water works to supply the inhabitants of the Borough of Sewickley and "such portions of the adjoining townships as the commissioners may include."

Summarized, the chancellor found the following facts, controlling the controversy in our opinion: A private water system connecting with certain springs had been constructed by two individuals in Leet Township sometime in the early 1870's, which constituted the only physical property of the Edgeworth Water Company from its incorporation to a time subsequent to November 30, 1894. This system supplied only the residences of the two individuals, and two of their employees. No charge was made for water even to these consumers until June 7, 1892. The Edgeworth Water Company did not function as a public service company until after November 30, 1894.

The commissioners of Sewickley Water Works constructed their plant and on April 24, 1875, one of their mains was in close proximity to the Township of Leet. On that date, application was made by a resident of Leet Township to connect with this main for the purpose of securing a supply of water and his application was granted. Subsequent to the date named, applications were made by other residents of Leet Township to con-

nect with the mains, one on February 11, 1876, another on October 25, 1877, a third on April 18, 1882, and a fourth on October 10, 1891. All of these applications were granted, the connections were made and water was furnished. Prior to June 21, 1883, the Sewickley commissioners were supplying four buildings in Leet Township with water and had agreed to supply an area of approximately sixteen acres adjoining their borough. The territory covered by these applications includes all of the property now owned by the Edgeworth Club. Between 1891 and 1895, five-inch and six-inch mains were laid in portions of this territory, which mains became the property of the Sewickley Water Works and certain residents of the territory have been furnished with a supply of water by the commissioners from that day to the present, and for many years after 1895 they furnished the only available source of water supply in this territory. From time to time these mains were extended and connected and service connections were made to the buildings constructed in the territory they covered until a total of twenty-seven service connections were made to these mains. Four other service connections were made by properties in Edgeworth Borough to a six-inch pipe on Academy Avenue, the center line of which forms the dividing line between the Borough of Sewickley and the Borough of Edgeworth. Prior to 1903 or 1904 the Edgeworth Water Company had not extended its mains into this section. It made its first extension into a portion of the territory in the years named. Further extensions were made about 1909 to Academy Avenue, but it was not until the summer and fall of 1929, and after the purchase by the Edgeworth Club of its new property that mains were extended to the club property. The Edgeworth Club was formerly located on the Sewickley side of Academy Avenue and was served with water by the commissioners. In June, 1929, the club purchased a tract of ground on Academy Avenue in the Borough of Edgeworth. A six-inch pipe line of the Sewickley Wa-

ter Works is laid across this property parallel with Academy Avenue and within from six to twelve feet of the location of the new club house. The club acquired its property with knowledge of the existence of this six-inch main, having in contemplation the water service which it rendered. The contractor for the new club house, in the fall of 1929, applied for a service connection with this main and such connection was made. The Edgeworth Club, now completed, desires the commissioners to make a service connection from the six-inch main to the club house to supply the club with water. The furnishing of a water supply by the Sewickley Water Works to the Edgeworth Club will involve merely a service connection of a few feet on the property of the club from the six-inch main laid by the commissioners prior to 1896, which has served the territory surrounding the club with water continuously from that date to the present. The existence of the mains of the Sewickley Water Works in this territory since 1895 and the service rendered by the commissioners there are matters of general public knowledge to persons in Leet Township and the Borough of Edgeworth and particularly to the officers of the Edgeworth Water Company. About the year 1910 through, its solicitor, it expressly consented to the making of an extension in the vicinity of the Edgeworth Club and the continuance of the service then being rendered. From that year until just prior to the filing of this bill in June, 1930, no protest or objection was made by the plaintiff to the service being rendered by defendants, although they have continued to serve the territory and from time to time have made new service connections to their existing mains.

In his opinion, the chancellor, summing up the facts and concluding as to the equities between the two water companies, says: "The commissioners of Sewickley Water Works constructed their water lines in the portion of Edgeworth Borough adjoining the Borough of Sewickley in the district which is now in controversy many

years before plaintiff's lines were laid in this vicinity, and served the inhabitants of this district when their service was the only available supply. They did this with full knowledge of the persons owning and controlling the plaintiff company, and not only with the knowledge, but with the assent and at the request of the inhabitants of this part of Edgeworth Borough. Plaintiff is therefore barred from any complaint against the defendants for supplying customers along their established lines in Edgeworth Borough. We cannot agree with plaintiff's contention that it has an exclusive right to supply water to the residents of the Borough of Edgeworth as against the commissioners of Sewickley Water Works in the portion of the territory of the Borough of Edgeworth in which the commissioners of Sewickley Water Works have had their water lines established for many years prior to the time when the plaintiff extended its water mains into the territory involved." The chancellor concluded that the plaintiff is not entitled to have the defendants restrained from supplying water to the Edgeworth Club; that if the commissioners were making any move to extend their system further into the Borough of Edgeworth without obtaining a certificate of public convenience from the public service commission, they would be restrained from so doing, but that as they have disclaimed any intention of exercising the right to extend their system, no injunction should issue. He further concluded that whatever exclusive rights the Edgeworth Water Company may possess, it does not have them against the commissioners of Sewickley Water Works in the portion of Edgeworth Borough covered by their existing system of mains and pipes. He dismissed the bill on the ground of the plaintiff's laches.

It is urged upon us by appellant that under the statute of its incorporation it has the exclusive right to supply water within the district covered by its charter. This can be admitted generally without reaching the point on which the controversy turns, which is, as already stated,

that the appellant by laches and acquiescence has surrendered its right to the defendant to the limited extent herein indicated.

Another point raised by appellant is that before making a service connection to the Edgeworth Club the appellees must obtain a certificate of public convenience from the public service commission. This contention we dismiss with the brief statement that it was never intended that such certificate should be required for mere service connections.

We are asked by appellant to hold that the special Act of February 21, 1873, P. L. 147, incorporating the commissioners of Sewickley Water Works, is unconstitutional in so far as it authorizes the supplying of water outside the limits of Sewickley Borough and within the Borough of Edgeworth, because it violated the constitutional amendment of 1864, P. L. 1054, providing that "No bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." The title of the act, as before stated, is "An act authorizing the erection of water works in the Borough of Sewickley by commissioners, and the issue of borough bonds, and the levy of a special water tax." In the body of the act it is provided that a board of commissioners of five persons shall be created for the purpose of erecting and maintaining water works to supply with water the inhabitants of the Borough of Sewickley, "and such portions of the adjoining townships as the commissioners may include." If the title had provided where the water should be furnished and had limited the territory to be supplied to Sewickley Borough, there might be strength in appellant's position (Beckert v. Allegheny, 85 Pa. 191), but it did not do so. It said nothing about the territory. Any one with "a reasonably inquiring state of mind" (Reeves v. Phila. Suburban Water Co., 287 Pa. 376) would look into the body of the act to see what territory is covered, as he would necessarily know that some terri-

tory will be specified. In these special charter acts details of the rights, powers and privileges conferred on a corporation need not be set out in the title. We think the act not unconstitutional.

In its printed brief, appellant states: "This suit has not been instituted to compel the defendants to remove the lines and services which they operated in Edgeworth Borough prior to the bringing of this suit, but the suit is expressly limited to enjoining the laying of new lines or the making of new service connections, and principally the service connection to the Edgeworth Club building." In appellees' brief, it is stated: "There is no intention on the part of the commisisoners to expand their service into new territory or to go outside of the lines of the territory which they have agreed to serve and in which they have their existing mains and lines, nor do they desire to serve any customers except those who apply for service in this territory. The present controversy relates only to the right to supply the Edgeworth Club, which is located on Academy Avenue. The service connection involves no expansion of territory, but merely a connection to an existing six-inch main located on the private property of the Edgeworth Club, and is on territory which in the past had been served by the Sewickley Water Works. The work in question involves the making or rather the using of a short service connection of a few feet within the private property of the Edgeworth Club to a main which has been located on the premises for over thirty-five years, and which has furnished a water service to this territory and to this their property during all this time." In supplementary briefs, the defendants apparently seek to enlarge the territory which they now supply. They say, "The present commissioners of Sewickley Water Works have requested us to state that it is their conception and understanding of their legal responsibilities and legal rights in this matter that they could supply their present customers and others conveniently accessible to their existing mains and also

new customers in that portion of Edgeworth Borough which is within the lines of the John Way, Jr., farm. ...... While it is not the present intention or policy of the Sewickley commissioners to serve any other customers except those now on the existing mains and those who may be in reasonable proximity thereto and who may apply for service connections to existing mains, nevertheless being a public body they do not believe it wise or in accordance with their public responsibilities to commit themselves or future boards of commissioners to a policy which would be less than their legal rights in the premises." This we think may be stepping beyond the just and equitable position which the defendants first assumed, which was that they might continue to supply their old customers and such others as might in the future be located adjacent to their existing mains. All that we now decide is that the defendants may supply the Edgeworth Club. If in the future, they attempt to set up the right to supply other customers than those adjacent to the mains which they have now laid, in view of the position which they assumed on the trial of this case, and in the briefs and arguments originally presented to us, the burden of establishing the equity and justice of their position will be upon them.

The decree of the court below is affirmed at appellant's cost.