## Mauch Chunk *versus* McGee.

1. The title of an act was, "An Act giving the right to the Town Council of the Borough of Mauch Chunk to build drains. and sewers, and file liens for the building of the same." The act authorized the council to direct lot-owners to build sewers, &c., and upon failure, the authorities might build, &c., and charge the cost as provided by the General Borough Law. The 2d section authorized the authorities to impose a reasonable charge upon lot-owners, "who may have tapped or who may hereafter tap, any sewer, &c., which was built or may hereafter be built" by the borough—not exceeding $1 yearly for each foot front of the lot, which charge may be discontinued when the borough is reimbursed the expense of "building and maintaining" the sewer, &c.; the charge may be collected by action of debt. *Held*, that the 2d section was within the scope of the title and was constitutional.

2. Part of an act not within the subject stated in the title, may be declared unconstitutional, leaving the rest to stand.

3. It is the duty of the court to reconcile the different parts of a law, if it can reasonably be done, rather than frustrate the legislative action.

4. The provision that the charge "may be discontinued when the borough is reimbursed, &c.," is mandatory, to guard against a continuing charge for *construction* beyond the time of payment; leaving the borough under its general powers—which are ample—to collect a charge from lot-owners for the *use* of the sewer.

5. A sewer built before the passage of the act being within the powers conferred by the General Borough Law, was not illegal.

6. Such sewer was within the intent expressed in the title of the act, authorizing the borough to file liens for building.

7. The remedy in the title to "file liens," is only modal, the purpose being to secure the expense.

8. The collection is the substantial point intended of the authority to file the lien; and any remedy for collection in the body of the act would not be foreign to the title.

9. Useful and honest legislation should not be defeated by too rigid an adherence to the letter of the Constitution; or pretexts be caught at to avoid legislation where it can be fairly reconciled with the Constitution.

10. If the title fairly gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, it is sufficient; it is otherwise if it tends to *mislead* and draw attention from a covert purpose in the bill.

March 20th 1876. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas of *Carbon county:* Of July Term 1875, No. 21.

This was an action of debt originally commenced before a justice of the peace by Mauch Chunk borough against Bernard McGee, "to recover rent for the use of a sewer" built by the plaintiff.

31 P. F. Smith—28

[Mauch Chunk *v.* McGee.]

The case was brought by appeal into the Court of Common Pleas, June 15th 1872.

The borough of Mauch Chunk is under the General Borough Law of April 3d 1851, Pamph. L. 320, 1 Br. Purd. 167.

The action was brought under the Act of March 24th 1869, Pamph. L. 514, and the question in the case was whether the subject of the act was so " clearly expressed in the title," as that the act was not unconstitutional.    The act is as follows :—

" An act giving the right to the town council of the borough of Mauch Chunk to build drains and sewers, and file liens for the building of the same."

" Sect. 1.  Be it enacted, &c., that the corporate authorities of the borough of Mauch Chunk, in the county of Carbon, shall have the right to order and direct the owner or owners or reputed owners or occupiers of the lot or lots of ground in front of, or alongside of which, or through which any drains, sewers or culverts may become necessary, to build the same in such manner as may be directed ; and upon failure of the owners of said lots so to do within the time prescribed by the ordinance of said borough, then the said corporate authorities may do the same, and may collect the cost of the work and material in the manner provided in the sixth article of the second section of the act of the General Assembly of the Commonwealth of Pennsylvania, entitled " An Act for the incorporation of boroughs," passed April third, one thousand eight hundred and fifty-one ; and the said borough authorities shall have the same right to order and direct the repair of all drains, sluices and sewers, under and through any of the streets, lanes or alleys in said borough, and may require the owners of lots bounded or fronting on the same, so to repair them, and on failure so to do, the said borough authorities may do the same, and collect the cost of work and materials in manner above provided.

" Sect. 2.  That the borough authorities are hereby authorized to impose such charge as they may deem reasonable upon the owner or owners of any lot or lots who may have tapped, or who may hereafter tap, any sewer, culvert or drain which was built or may hereafter be built at the expense of the borough : *Provided*, the charge shall not exceed at the rate of one dollar yearly per foot of the lot or lots fronting on said sewer, culvert or drain ; and the said charge may be discontinued when the borough is fully reimbursed for all the expenses and costs incurred in building and maintaining the said sewers, culverts or drains ; the said charge or charges may be collected by action of debt, as ordinary actions of debt are now recoverable : And provided further, that twenty days' notice shall be given to the owner, &c. * * *"

For the purpose of carrying out the provisions of the act, the council of the borough, on the 12th of April 1869, passed an ordinance, enacting :—

[Mauch Chunk *v.* McGee.]

" That whenever, in their opinion, it may be necessary to construct drains or sewers * * * the council, after giving twenty days' notice to the property owners along whose property such drain or sewer is to be constructed, in order that such property owner may construct such drain or sewer according to dimensions and specifications furnished by the council, at his or their own expense, and if, at the end of twenty days, such owners of property shall not have commenced the drain, then it may be lawful for the town council to authorize the construction of such sewer or drain, and shall charge the owners of property along whose property such drain shall pass their proportion of the original cost with twenty per cent. added.

" Sect. 2. That the owner or owners of any lot or lots * * * fronting and lying alongside of any street underneath which, through or alongside of which any sewer, culvert or drain has been built or may hereafter be built by the corporate authority, and the owner or owners of such lot or lots who have tapped or who may hereafter tap the same for the purpose of draining his or their cellar or carrying slops or filth from his or their premises into said sewer, culvert or drain, shall pay at the rate of one dollar per foot per year of the lot or lots fronting on said sewer, culvert or drain. Twenty days' notice of said charge to be given to the owner, reputed owner or occupier of said lot or lots of ground against which the charges may be imposed, and upon failure to pay the same, the amount of said charges to be collected according to the provisions of the Act of Assembly entitled ' An act giving the right to the town council of the borough of Mauch Chunk to build drains and sewers, and to file liens for the building of the same,' approved March 24th 1869."

On the trial, April 3d 1874, before Dreher, P. J., it was admitted :—

" That the borough made demand on defendant twenty days before bringing this suit for $60, rent for one year from July 1st 1870 to July 1st 1871, being at the rate of one dollar per foot of defendant's property on Susquehanna street, upon or under which the sewer is located, and that the connection is made from defendant's premises into the sewer."

The plaintiff offered the Act of March 24th 1869.

The defendant objected to the second section, for the reason that it is void, no reference being made to its subject in the title as required in the eighth section of eleventh article of the amended constitution : 1 Br. Purd. 34.

Also the ordinance of April 12th 1869.

The defendant objected to the offer, the ordinance being based on the act and therefore unauthorized.

Both offers were rejected and several bills of exception sealed.

[Mauch Chunk *v.* McGee.]

The court directed a verdict for the defendant and the jury so found.

The plaintiff took a writ of error and assigned for error, the rejection of their offers and the charge of the court.

*C. Albright*, for plaintiff in error.—The amendments of 1864 to the Constitution, do not require that the title to an act should be an index to all its contents: Yeager *v.* Weaver, 14 P. F. Smith 425; Dorsey's Appeal, 22 Id. 195; Allegheny Home's Appeal, 27 Id. 77; State Line and J. Railroad Co.'s. Appeal, Id. 429. The title of this act relates to building drains, &c., the act provides for enforcing payment; this was within the scope of the title and therefore valid: Pennsylvania Railroad Co. *v.* Riblet, 16 P. F. Smith 164. When a law has but one general object the provisions of the Constitution are accomplished: Cooley on Const. Lim. 144; State *v.* Powers, 14 Indiana 195; People *v.* Briggs, 50 New York 566; Philips *v.* Bridge Co., 2 Metc. (Ky.) 222; Smith *v.* Commonwealth, 8 Bush 112; Blood *v.* Mercelliott, 3 P. F. Smith 391; Church St., 4 Id. 353; Commonwealth *v.* Green, 8 Id. 226.

The council had authority under the General Borough Law of 1851, to build sewers, &c., and therefore to pass the ordinance: Fisher *v.* Harrisburg, 2 Grant 296; Greensburg *v.* Young, 3 P. F. Smith 280; McGonigle *v.* Allegheny, 8 Wright 121; Schenley *v.* Commonwealth, 12 Casey 57.

Portions of an act being unconstitutional, the whole is not necessarily so: Smith *v.* McCarthy, 6 P. F. Smith 359; Commonwealth *v.* Green, 8 Id. 226; Cooley on Const. Lim. 178. If a penalty be given by statute, but there be no provision for its recovery, debt will lie: Dwarris on Stat. 160, 231. Statutes are to be interpreted so as to sustain them rather than to set them aside: Howard Association's Appeal, 20 P. F. Smith 346.

*E. J. Fox*, for defendant in error, as to the constitutional question, cited Dorsey's Appeal, 22 P. F. Smith 195; W. Phila. Pass. Railroad Co. *v.* Union Pass. Railroad Co., 9 Phila. R. 495. The ordinance is unreasonable and oppressive, and therefore void: 1 Dillon on Mun. Corp., sect. 253, *et seq.;* Northern Liberties *v.* Gas Co., 2 Jones 318; Commonwealth *v.* Worcester, 3 Pick. 462; Decatur *v.* Murray, 16 Id. 125; Comyn's Dig. title "By-Law" C. 7; Boston *v.* Shaw, 1 Metc. 130; Hammett *v.* Philadelphia, 15 P. F. Smith 146.

Chief Justice AGNEW delivered the opinion of the court, May 8th 1876.

The court below thought that the second section of the Act of 24th of March 1869, Pamph. L. 514, was unconstitutional because

too foreign to the title of the act.  The title is, "An act giving the right to the town council of the borough of Mauch Chunk to build drains and sewers, and to file liens for the building of the same."  It is settled in this state that a part of an act not within the subject stated in the title, may be declared to be unconstitutional, leaving the portion within the title to stand: Dorsey's Appeal, 22 P. F. Smith 192; Allegheny Home's Appeal, 27 Id. 77 ; Smith v. McCarthy, 6 Id. 359 ; Commonwealth v. Green, 8 Id. 234; Cooley's Constitutional Limitations 178.  The first section is conceded to be constitutional.  The real question, therefore, is whether the second section is germain to the same subject. Giving to the second section the interpretation it may reasonably have, we think it falls within the general subject of the title.  It is the duty of the court to reconcile the different parts of a law, if it can be reasonably done, rather than to declare any part void, and thus frustrate the legislative action.  The subject of the title is the building of drains and sewers in Mauch Chunk, and securing the expense of so doing.  The true purpose of the second section is to enable the borough to collect the expense of building sewers and drains, built or to be built, from those who use them.  The words " and the said charge may be discontinued when the borough is fully reimbursed for all the expenses and costs incurred in building and maintaining the said sewers, culverts and drains," were intended to put an end to the special yearly charge per foot where the owner of a lot had paid his proportion of the expense. This must be treated as mandatory, to guard against a continuing charge for *construction*, beyond the time of full payment ; leaving the borough under its general powers, which are ample, to collect a reasonable and uniform charge from lot-holders for the *use* of the sewer, if they continued to use it.  The purpose, as thus interpreted, being to enable the borough to collect the cost of construction from those who used the sewer, it is not so foreign as to be declared unconstitutional.  The variations in the circumstances referred to in the second section are not an absolute departure from the subject itself.  A sewer built before the passage of the act was not illegal, for the structure falls clearly within the powers conferred in the second section of the General Borough Law of 1851, 1 Br. Purd. 167.  This borough being under that act, the sewer being legally built, it was substantially, though not literally, within the intent expressed in the title; that is, to authorize the borough to file liens for the building of the same, which substantially expresses the idea of securing and collecting the expense. The difference in the time of the construction of the sewer is evidently immaterial, not being absolutely repugnant to the main intent to authorize the building of sewers and collect the expense.

It is also objected that the remedy given in the second section is not by way of filing a lien, but by action of debt.  This, how-

[Mauch Chunk *v.* McGee.]

ever, is only modal. The purpose of filing a lien is to secure the expense, yet it does not expressly give any remedy for collection. But as collection is the substantial point intended, of the authority to file the lien, no one would contend that any remedy for collection given by the legislature in the body of the act would be foreign to the title. It might be debt on the lien, or scire facias, or other writ suitable to accomplish the purpose. A judgment in debt would itself be a lien, and become efficient for collection by execution. Upon the whole section, we cannot, in view of its evident purpose, say it is not substantially germain to the subject of the title. It will not do to defeat useful and honest legislation by too rigid an adherence to the letter of the Constitution. As remarked by C. J. GIBSON, following C. J. TILGHMAN, a constitution is not to be interpreted as articles of agreement at common law; and where multitudes are to be affected by the construction of an instrument, great regard should be paid to the spirit and intention; Monongahela Navigation Co. *v.* Coon, 6 W. & S. 114. It is a cardinal rule (said the late C. J. THOMPSON) that all statutes are to be so construed as to sustain rather than ignore them; to give them operation if the language will permit, instead of treating them as meaningless; and I may add, or treating them as invalid: Howard's Appeal, 20 P. F. Smith 344. It is not the purpose or the duty of the court to catch at pretexts to avoid legislation, where it can be fairly reconciled with the Constitution. This has been the current of decision in this state in many cases: Blood *v.* Mercelliott, 3 P. F. Smith 391; Case of Church Street, 4 Id. 353; Commonwealth *v.* Green, 8 Id. 226; Allegheny Home's Appeal, 27 Id. 77; State Line and Juniata Railroad Co.'s Appeal, Ibid. 429. In Commonwealth *v.* Green, Justice SHARSWOOD remarked, that "the intention of the constitutional amendment was to require that the real purpose of a bill should not be disguised or covered by the general words, "and for other purposes," which was formerly so common, but should be fairly stated; and it must be a clear case to justify a court in pronouncing an act, or any part of it, void on this ground." So it was said in Allegheny Home's Appeal: "If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary." An exception to this general rule is, when the title tends to *mislead*, and to draw off attention from a covert purpose contained in the body of the bill. Such was the case of the Union Pass. Railway Co.'s Appeal, 29 Legal Intelligencer, 1872, p. 380. The case before us has no such feature. We think the court below erred in holding the second section of the act to be unconstitutional.

Judgment reversed and a *venire facias de novo* awarded.