# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## McCarl *v.* Houston Borough, Appellant.

*Workmen's compensation — Findings — Review — Employee of borough—Policeman—Act of June 2, 1915, P. L. 736.*

1. Under the Workmen's Compensation Act of June 2, 1915, P. L. 736, the courts cannot review the findings of fact of the referee and the Workmen's Compensation Board.

2. Under the act if an award to a widow ceases before decedent's children reach sixteen years of age, the latter are entitled to compensation until they severally reach that age.

3. A borough policeman is an employee of the borough within the meaning of that act.

Argued Oct. 10, 1918. Appeal, No. 60, Oct. T., 1918, by defendant, from order of C. P. Washington Co., Aug. T., 1917, No. 41, dismissing exceptions to award of Workmen's Compensation Board in case of Elizabeth McCarl v. Houston Borough. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before MCILVAINE, P. J.

The court dismissed the exceptions.

*Error assigned* was order dismissing exceptions.

*George C. Bradshaw,* with him *John C. Sherriff, Alexander P. Lindsay* and *Erwin Cummins,* for appellant.—

That a policeman is not a servant, but an officer, is established by a long line of decisions in this State: Elliott v. Philadelphia, 75 Pa. 347; Norristown v. Fitzpatrick, 94 Pa. 121; Fire Insurance Patrol v. Boyd, 120 Pa. 624; Kies v. Erie City, 135 Pa. 144; Betham v. Philadelphia, 196 Pa. 302; Miller v. Hastings Borough, 25 Pa. Superior Ct. 569; Knight v. Philadelphia, 15 W. N. C. 307.

If Elizabeth McCarl be awarded compensation for 300 weeks, the child Freda Jane McCarl, is not entitled to any compensation. The widow is entitled to all.

*R. W. Knox*, with him *R. James Knox*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

James A. McCarl, a police officer of the Borough of Houston, was kicked in the abdomen by a criminal he was arresting, and as a result thereof died the next day. His widow and three minor children made claim under the Workmen's Compensation Act of June 2, 1915, P. L. 736. The borough resisted the claim. The referee and Workmen's Compensation Board made an award to her covering a period of 300 weeks, and to the minor children after that date and until they severally reached sixteen years of age. The borough appealed, alleging insufficient evidence to sustain the finding as to the average weekly wages of the deceased; that the award to the widow was all that legally could be made; and that a police officer was not an employee within the meaning of the act. The court below dismissed the appeal and entered judgment for the claimants, and therefrom the present appeal is taken.

We decided in McCauley v. Imperial Woolen Company, 261 Pa. 312, and the cases in its train, that the courts cannot review the findings of fact of the referee and Workmen's Compensation Board; and in Catlin v. Pickett & Co., 262 Pa. 351, that an award to a widow does not preclude an award also to decedent's minor children, to commence when the award to the widow ceases,

and continue until the children reach sixteen years of age. Those decisions dispose of the first two questions raised. The third, however, has never been decided by this court, and the decisions of the Courts of Common Pleas are conflicting.

Sections 103 and 104 of the act provide as follows:

"Section 103. The term 'employer' as used in this act is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it.

"Section 104. The term 'employee' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale, in the worker's own home, or on other premises not under the control or management of the employer."

It is argued by appellant that a policeman is not ordinarily considered a "servant," and hence, as "employee" is synonymous with "servant," a policeman is not an "employee", and the borough is not required to make compensation under the act. But that argument begs the question, and also reasons in a circle. It assumes that a policeman is not a servant within the meaning of the act, although that is the very question to be determined. It reasons in a circle because, if the two words are synonymous, then every servant is an employee, and every employee is a servant; and hence, as we give prominence to one or the other synonym (though neither is entitled to prominence over the other) we determine that a policeman is or is not entitled to the protection of the act.

Moreover, if the ordinary meaning of the word "servant" is to be applied, then "municipal corporations, the Commonwealth and all governmental agencies created by it" would be without the act, for none of those engaged in such service are called servants, or popularly considered as such. They are all called officers or employees. Yet Sec. 103, above quoted, includes all those public bodies. Hence, as we must so construe the act as to give effect to all of the words, we must assume that the word "servant" is not to be given the meaning suggested by appellant. And this conclusion is borne out also by section 106 of the act, which provides that "The exercise of the powers and duties of a local or other public authority shall, for the purposes of this act, be treated as the trade or business of the authority."

The error into which appellant falls is in overlooking the fact that we are now dealing with a statutory definition of the terms used, and that we cannot import into them a dictionary definition thereof, especially as we would thereby exclude from the statutory definition those who are thereby expressly included within it. The statute does not define the word "employer" by the word "master," nor the word "employee" by the word "servant," and send us to the dictionary to find what "master" and "servant" mean. It says that the word employer as used in the act is synonymous with master, and includes, inter alia, municipal corporations, in this case the Borough of Houston; and that employee as used in the act is synonymous with servant, "and includes all natural persons who perform services for another for a valuable consideration," in this case the policeman, James McCarl. Hence, under the definitions of the act, the borough and James McCarl were employer and employee; and as he met his death by an accident, in the course of his employment, his widow and children are entitled to compensation, under the act.

The judgment is affirmed.