## Micciche *v.* Price Pancoast Coal Company, Appellant.

*Workmen's Compensation Law—Loss of thumb—First phalange—Compensation for permanent injury—Act of 1915, P. L. 736, Section 306.*

The loss of the first phalange of a thumb is a specific permanent injury enumerated in clause (c) section 306 of the Act of 1915, P. L. 736, (Workmen's Compensation Law) and intended to be compensated for thereunder. Any other construction would render meaningless the paragraph of the act declaring that the loss of the first phalange of the thumb or any finger shall be considered equivalent to the loss of one-half of such thumb or finger.

In construing an act of assembly the effort should be to find a reasonable meaning for all words used and to give force and effect to every part.

Argued March 9, 1927. Appeal No. 30, February T., 1927, by defendant from judgment of C. P. Lackawanna County, October T., 1925, No. 2272, in the case of Salvatore Micciche v. Price Pancoast Coal Com-

pany. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before POTTER, P. J., 17th Judicial District specially presiding.

The facts are stated in the opinion of the Superior Court.

Judgment for claimant affirming award of Workmen's Compensation Board allowing one-half the compensation allowed for loss of thumb or finger, or one-half of 60% of $20 per week for 60 weeks. Defendant appealed.

*Error assigned* was the decree of the Court.

*Walter W. Harris,* of *Knapp, O'Malley, Hill and Harris,* for appellant.—The Workmen's Compensation Act cannot be interpreted as intending to provide for the compensation of loss of first phalange of thumb as a permanent injury: Commonwealth v. Bessemer Co., 207 Pa. 302; Catlin v. Pickett and Company, 262 Pa. 351; Keim's License, 59 Pa. Superior Ct. 631; City of Pittsburgh v. Kalchthaler, 114 Pa. 547; Chingola v. Aetna Life Insurance Company, 86 Pa. Superior Ct. 517.

*Roger J. Dever,* for appellee.—The award of the Compensation Board was justified under the Compensation Act: Boussom v. P. & R. C. & I. Company, No. 472, May T., 1924, Workmen's Compensation Supplement, Department Reports of Pa., Vol. 10. 1373; Chestnut Hill and Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1.

OPINION BY GAWTHROP, J., April 22, 1927:

This is a Workmen's Compensation case. The injury which plaintiff suffered while at his work re-

quired the amputation of his right thumb at the first joint. His weekly earnings had been $20. The referee awarded him thirty per centum of $20 per week for a period of sixty weeks for permanent loss of half of the thumb under clause (c), Section 306 of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of March 29, 1923, P. L. 48, which provides, inter alia:

"For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: ...... For the loss of a thumb, sixty per centum of wages during sixty weeks ......... The loss of the first phalange of the thumb, or of any finger, shall be considered equivalent to the loss of one-half of such thumb or finger. The loss of more than one phalange of a thumb or finger shall be considered equivalent to the loss of the entire thumb or finger." This award was affirmed by the Compensation Board and by the court below and defendant appeals.

The only question raised is whether the loss of the first phalange of the thumb is to be compensated as a permanent injury at one-half the rate of compensation payable for the loss of the entire thumb under the provisions of clause (c) above quoted. The answer does not seem to us open to a doubt. "Injuries are by the act classified in three categories (1) total disability, (2) partial disability, (3) disability resulting from permanent injuries, in the last of which compensation is payable exclusively as fixed for the specified permanent injury, at a definite number of weeks, irrespective of whether the disability be permanent or partial, and without taking into account whether it may have ceased altogether, within the period fixed for payments": Berskis v. Lehigh Val. Coal Co., 273 Pa. 243. The contention of defendant is that the injury sustained by plaintiff falls within clause (a) of Sec-

tion 306 of the Compensation Act (which establishes a schedule of compensation for injuries resulting in total disability) for the period during which he was unable to perform his usual occupation, and that he is not entitled to compensation for permanent loss of half of the thumb, for the reason that there is no provision in the Compensation Act for payment of compensation for half of the thumb. It asserts that while the provision of clause (c) above quoted specifically requires payment of compensation for loss of a thumb, it does not require payment of compensation for the loss of one-half of a thumb, but merely defines what shall constitute loss of half of the thumb and what shall constitute loss of the entire thumb. This objection is little more than a play upon words. We find no warrant in the Compensation Act for the contention that plaintiff belongs in any class of compensable persons, except that provided for in Section (c) of the act. His injury was one of the specific permanent injuries enumerated in that section, for which "the compensation shall be exclusively," as therein provided. For each of these injuries, irrespective of resulting disability, compensation is payable for a fixed period for the different injuries named. There seems to be a manifest intent of the legislature to classify the injuries named, not only by fixing different periods of compensation for injuries to different members of the body, but also by fixing a different rate of compensation for injuries amounting to a loss of one or more phalanges of a thumb or finger. What shall constitute the loss of a thumb or finger, or a loss of one-half thereof, is arbitrarily fixed by the act. The amount of compensation for the loss of a thumb or finger is fixed. The loss of the first phalange of a thumb or finger is declared to be equivalent to the loss of one-half of such thumb or finger. We have no difficulty in reaching the conclusion that the loss of one-

half of a thumb or finger is to be compensated at one-half the rate of compensation for the loss of an entire thumb or finger, that is, at one-half of sixty per centum or thirty per centum of the wages of the injured employee. Any other construction would render meaningless the paragraph of the act declaring that the loss of the first phalange of the thumb or of any finger shall be considered equivalent to the loss of one-half of such thumb or finger. In construing an act of assembly the effort should be to find a reasonable meaning for all words used and to give force and effect to every part; the construction placed upon each part should be logical in itself and consistent with that given to every other part: Chestnut Hill and Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1, 5, 6. The learned court below reached the right conclusion.

The judgment is affirmed.