## Com. of Pa. *v.* Charles, Appellant.

Argued April 23, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John R. Dierst, Jr.,* for appellant.

*William Anderson, Jr.,* and with him *John A. Moss,* Deputies Attorney General and *William A. Schnader,* Attorney General, for appellee.

OPINION BY STADTFELD, J., October 3, 1934:

The question involved in this case is whether a State highway patrolman, when in uniform, has authority to arrest on view for a violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, where the offense is punishable by summary conviction, but is not designated in the act as either a felony or a misdemeanor and no accident or injury or death is involved.

The statement of facts agreed upon was as follows: On Saturday, April 1, 1933, at 11:30 A. M., the defendant, John A. Charles, of Pittsburgh, Pennsylvania, was arrested by a State highway patrolman, who was at the time in uniform and displaying a badge of his office. The arrest was made at the corner of Wightman Street and Wilkins Avenue, in the city of Pittsburgh, and the defendant, at the time, was operating a Ford automobile which had not been inspected in accordance with the proclamation issued by the Governor of the State of Pennsylvania under Section 823-H of the Act of June 22, 1931, P. L. 751. After making the arrest, the State highway patrolman immediately took the defendant to the office of a nearby alderman in the city of Pittsburgh where an information was lodged charging the defendant with violating said Section 823-H. The alderman with the consent of the defendant held a hearing immediately and the defendant was found guilty and fined ten ($10) dollars and costs, which were paid.

An appeal was taken to the County Court of Allegheny County where the defendant was again found guilty of violating the aforesaid section and was fined ten ($10) dollars and costs and in default thereof to stand committed to the Allegheny County jail for one day, defendant to be credited on this sentence with any moneys heretofore paid or time served on the sentence imposed by the magistrate. It was agreed that a violation of said Section 823-H of the Act of 1931, P. L. 751, aforesaid, is not designated in said act as either a felony or a misdemeanor. A motion to open the judgment in the nature of a motion for a new trial was made and argued. From the refusal, by the court, of the motion to open the judgment entered by it this appeal was taken by defendant.

Section 1211 of the Motor Vehicle Code of 1929 reads as follows: "Limitation of authority for State Highway Patrolmen.—Such employes of the Commonwealth as are designated as 'State Highway Patrolmen' are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth to arrest on view, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act."

The language of this section of the Act of 1929 is clear and unambiguous. Standing alone there can be no doubt of its meaning. It specifically invests a State highway patrolman with authority to arrest on view, when in uniform, without writ, rule, order, or process, any person violating *"any of the provisions of this act."* (Italics supplied).

It is argued, however, that the authority given by Section 1211 has been limited by Section 1203 of the Act. Section 1203 provides as follows: "Arrests on View or With Warrant.—(a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating

any of the provisions of this act, where the offense is designated a felony or 'a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested. When a peace officer is unable to arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, information may be filed and warrant served as now provided by law.''

The Act of 1929, supra, has been amended by the Act of 1931, P. L. 751. It is entitled ''An Act to amend the Act, approved the first day of May one thousand nine hundred and twenty-nine (Pamphlet Laws nine hundred five) entitled ''For the protection of the public safety: etc.'' It contains no repealing clause; it must therefore be read in connection with the Act of 1929. The Act of 1931 does not amend Section 1211 of the Act of 1929, nor refer to it. Section 1203 of the Act of 1929 has been amended by striking out the sentence beginning ''When a peace officer is unable to arrest etc.'' Section 1211 of the Act of 1929 not having been repealed either expressly or by implication, must be considered in full force and effect.

Counsel for appellant contends that the right of a State highway patrolman to arrest on view is limited to an offense designated either as a felony or a misdemeanor. Counsel for the Commonwealth contend that Section 1203 relates to peace officers other than State highway patrolmen, who stand in a different class and whose authority is defined solely by Section 1211.

As has been stated in Grayson v. Aiman, Inc., 252

Pa. 461, 465, (97 A. 695) "...... in all statutory construction ...... courts in seeking for legislative intent must find it in the statute itself; that unless good ground can be found in the statute for restraining or enlarging the meaning of its words the courts may not subtract therefrom or add thereto. Another equally fundamental rule is, that where the words of a statute are plain and clearly define its scope and limit, construction cannot extend it." If the legislature had intended to bring about the result contended for by appellants, that could have been accomplished by simply declaring, in Section 1211, "State Highway Patrolmen" to be "peace officers" without defining expressly any powers conferred. In fact, this section would have been entirely superfluous as "peace officer" is defined in Section 102 as including State highway patrolmen. The construction contended for by appellant would be to render Section 1211 completely void. Settled rules of statutory construction will not admit of such an interpretation. In Commonwealth v. Wilkes-Barre, 258 Pa. 130 (1917), (101 A. 929), at page 136, the court said: "...... In cases where there is an apparent conflict between different parts of a statute, the general purpose of the legislature must be considered, and, if the language will permit, such construction must be applied as will give effect to every part of the law. A statute will not be construed so as to defeat the object of the legislature if it can reasonably be avoided. Literal construction of the language of a part of an act of assembly cannot prevail if another interpretation is fairly deducible which will better effect the manifest purpose of the general legislative intent. The purpose and intention of the whole statute, as derived therefrom, will control the interpretation of its several parts so that the whole may be made effective. It is presumed, as well on the ground of good faith as on the ground that the legis-

lature would not do a vain thing, that it intends its acts and every part of them to be valid and capable of being carried out: 2 Lewis's Sutherland Stat. Con. (2nd Ed.), Section 490. 'It is the duty of the court,' says AGNEW, C. J., in Mauch Chunk v. McGee, 81 Pa. 433, 437, 'to reconcile the different parts of a law, if it can be reasonably done, rather than to declare any part void, and thus frustrate the legislative action.' " To same effect see Micciche v. Price Pancoast Coal Co., 90 Pa. Superior Ct. 434; McCarl v. Houston Boro., 263 Pa. 1, 106 A. 104; Bonsall's Estate, 288 Pa. 39, 135 A. 724.

Section 1203 of The Vehicle Code is a general provision. Section 1211 is a specific provision. Both of these sections relate to a similar subject. General and specific provisions in a statute should stand together if possible, but where general terms are inconsistent with the specific, then the specific provisions must govern.

In Buckley v. Holmes, 259 Pa. 176 (1917), (102 A. 497), the court said p. 188: "..... ' "Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate.' " To same effect see Philadelphia v. Commonwealth, 270 Pa. 353, 113 A. 661; Commonwealth v. Kline, 294 Pa. 562, 144 A. 750.

Section 1211 follows Section 1203. If there be any inconsistency between the two Sections, Section 1211 would have to control: Packer v. The Sunbury and Erie R. R. Co., 19 Pa. 211, 219. It follows that the specific power given in Section 1211 of the Vehicle Code to State highway patrolmen to arrest on view, is not limited by Section 1203 governing the powers of peace officers generally.

In every case where the construction of an act is involved, its history may be resorted to as a guide: Miles Estate, 272 Pa. 329, 116 A. 300; Commonwealth v. Quaker City Cab Co., 287 Pa. 161, 134 A. 404.

The State highway patrol was organized in the Department of Highways by virtue of the Act of June 14, 1923, P. L. 718, Section 10. The members of the patrol were not designated as peace officers and had no greater authority than other citizens of the State in making arrests. During the period beginning with 1923 up to the adoption of The Vehicle Code of May 11, 1927, P. L. 886, they served as agents of the Commissioner of Highways in collecting fees, checking violations on the highways and making complaints before aldermen and justices of the peace.

The Act of June 14, 1923, P. L. 718, was repealed by the Act of May 11, 1927, P. L. 886. Section 1101 of the Act of 1927, paragraph (i), again authorized the Department of Highways to appoint State highway patrolmen. Section 1206 of this act gave police officers, sheriffs, deputy sheriffs and constables of cities, boroughs, incorporated towns, towns and counties of the Commonwealth, members of the Pennsylvania State Police, and designated officers of the Department, the right to arrest on view, when in uniform and displaying a badge, any person violating any of the provisions of the act. The authority of State highway patrolmen under the Act of 1927 was set forth in a separate Section 1215. This section gave State highway patrolmen authority " . . . . . . to arrest on view, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act." The Act of 1927 was repealed by the Act of May 1, 1929, P. L. 905. Section 1215 of the Act of 1927 was again reenacted as Section 1211 of The Vehicle Code of May 1, 1929, P. L. 905, and specifically gave State highway patrolmen the power to arrest on

view. Section 1206 of the Act of 1927 which defined the powers of police officers was not reenacted in the same form. It appears in The Vehicle Code of 1929 as Section 1203 and does not give peace officers the right to arrest on view where the offense is not designated a misdemeanor or a felony.

The fact that the Legislature failed to limit the right of highway patrolmen to arrest on view at the time it restricted the powers of ordinary peace officers, indicates a clear intention to leave the highway patrolmen with the same broad powers given in the Act of 1927.

Where, in a reasonable interpretation, the statutory provision is susceptible of a construction which will carry into effect the avowed purpose of the act, that construction should be given to it, rather than one which in practical operation might defeat such purposes. See Commonwealth v. Lowe Coal Co., 296 Pa. 359 (1929), (145 A. 916), at page 367; and Jermyn's Election Expenses, 57 Pa. Superior Ct. 109, 114 (1914).

The Vehicle Code is an act for the protection of the public safety. It defines certain offenses with reference to the operation of automobiles and provides for penalties. It further defines the powers of certain officers in the enforcement of these provisions. Without the provisions of Section 1211 The Vehicle Code would to a large extent be unenforceable, since most of the offenses in it are designated as summary ones. There are in proportion few offenses designated as misdemeanors or felonies. To construe Section 1211 as contended by the appellant would in a large measure defeat the purpose of the Legislature in enacting The Vehicle Code.

Appellant invokes the provisions of Article 1, Section 8 of the Constitution of Pennsylvania against the right to arrest under the circumstances of this case. The provisions of said section are as follows: "The

people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation subscribed to by the affiant.''

A similar section in the Constitution of 1790 (Art. IX, Sec. 8) has been construed in Wakely v. Hart, 6 Binney 315, wherein the Supreme Court in an opinion by TILGHMAN, C. J., says, on p. 318: ''...... The provisions of this section, so far as concerns warrants, only guard against their abuse by issuing them without good cause, or in so general and vague a form, as may put it in the power of the officers who execute them, to harass innocent persons under pretence of suspicion; for if general warrants are allowed, it must be left to the discretion of the officer, on what persons or things they are to be executed. *But it is nowhere said, that there shall be no arrest without warrant.* To have said so would have endangered the safety of society.'' (Italics supplied.) While the court, in that case, referred to a felony, the same principles apply, where the offense is committed in the presence of the officer, if the provisions of the act of assembly are not in derogation of our fundamental law.

This case was approved in Samuel v. Blackwell, 76 Pa. Superior Ct. 540, in an opinion by our late Brother PORTER who, on p. 545, said: ''False imprisonment consists in the confinement or detention of the person without sufficient authority: which authority may arise either from some process from the courts of justice, or from some warrant from a legal officer having power to commit; or from some other special cause warranted, in the circumstances, either by common law or statute.'' A very learned and comprehensive discussion of the right to arrest without warrant is given

by the same judge in Commonwealth v. Rubin, 82 Pa. Superior Ct. 315. That case involved, inter alia, the constitutionality of the Act of March 27, 1923, P. L. 34, which authorized any officer to arrest without a warrant any person discovered in the act of transporting, in violation of said act, intoxicating liquor in any wagon, buggy, motor vehicle, ...... or other receptacle. Quoting from opinion in that case on p. 323: "The question, therefore, is: Are these provisions of the statute authorizing an arrest without a warrant invalid, because in contravention of the constitutional provision? The offense was not a felony, but involved a violation of the Constitution of the United States and was a misdemeanor punishable by fine and imprisonment under the Pennsylvania statute. It consisted in the transportation of the liquor; and to hold that there could be no arrest without a warrant from the magistrate would necessarily give an opportunity for escaping from the jurisdiction; the very reason for which the common law authorized an arrest without a warrant in many minor offenses. The offense was committed in the presence of the officer, which is the material question in arrests of this character. ...... The statute, unquestionably authorizes arrest without a warrant in such cases. It cannot be construed to mean arrests without a warrant in any case where there is not probable cause. This is in entire accord with common law principles, is not an infringement of the constitutional provision, and is a valid exercise of legislative power." See also Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369. This conclusion is supported by numerous decisions from other States where a similar question arose. See note to Leger v. Warren (62 Ohio St. 500), 51 L. R. A. 193. See also Burroughs v. Eastman (Michigan Supreme Court), 24 L. R. A. 859.

Appellant cites a number of cases from the lower

courts of this State, in support of his position, but an examination thereof would indicate that the conclusions were arrived at without consideration of the principles we have referred to, supra, and the said cases are not persuasive.

The act of assembly involved in the instant case is entitled "For the protection of the public safety etc." It should be liberally construed so as to effectuate its intention. The violation of the act of assembly in the respect mentioned was admitted. With the large number of motor vehicles in operation, and constantly increasing, we know of no greater menace to the public safety than the operation of a motor vehicle which has not been subjected to the tests of an inspection as required under the act of assembly.

We see no error in the conclusion of the lower court.

The assignment of error is overruled and judgment affirmed.