## Hubick v. Board of Supervisors of Rush Township et al.

*James T. Bohorad,* for claimant.
*R. M. Bashore,* for defendant.

HOUCK, J., July 23, 1934.—The claimant, being unemployed, was on the relief rolls and received a weekly food order of $3.50. The Board of Supervisors of Rush Town-

ship recommended to the Schuylkill County Unemployment Relief Board the project of widening certain roads in the township, the supervisors agreeing, inter alia, to assume workmen's compensation for those employed on the project. The claimant was given employment on this work relief and commenced work on December 1, 1932. While working on the roads on December 5, 1932, he sustained injuries which resulted in total disability. His wages were to be the weekly food order of $3.50 and he continued to receive the food order after he was injured. The referee found that the claimant, when injured, was working for the Board of Supervisors of Rush Township as a laborer, but that he suffered no compensable loss and that he was not an employe within the meaning of the Workmen's Compensation Act. The compensation board set aside the referee's findings and found that the claimant was an employe of the Board of Supervisors of Rush Township at a weekly wage of $3.50, and the board awarded compensation at the rate of $3.50 a week, together with medical expenses. From this award the insurance carrier and the claimant appealed. The claimant's appeal (docketed to no. 421, January term, 1934) excepts to the award on the ground that it should have been for $7 a week instead of $3.50. The basis of the defendant's appeal is that the claimant was not an employe of the board of supervisors when injured. We shall dispose of both appeals in this opinion.

There is no merit in claimant's appeal, and, judging from his brief, the appeal has been abandoned. Where an employe receives wages of less than $7 a week, his weekly compensation is limited to the full amount of his wages. The claimant's wages, as found by the board, were $3.50 and this is the weekly amount of compensation to which he is entitled.

The only question in the case is whether a work relief employe, paid in food orders issued by the Commonwealth, is an employe, for purposes of compensation, of the public body for which he was working when injured.

We have no doubt that he is. The Workmen's Compensation Act defines "employe" as including all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer. The exception is not applicable here because the making of roads was in the regular course of the employer's business. The claimant falls squarely within the statutory definition because he is a natural person and he performed services for Rush Township for a valuable consideration. Of course, the statutory definition controls: McCarl v. Houston Borough, 263 Pa. 1. The fact that the "valuable consideration" was received from another is not controlling: Atherholt v. William Stoddart Co., 286 Pa. 278, 280; Sgattone v. Mulholland & Gotwals, Inc., et al., 290 Pa. 341, 346. A case very similar to the case at bar was recently decided by the Court of Common Pleas of Lawrence County, which reached the conclusion that a work relief employe falls within the protection of the Workmen's Compensation Act: Rotunno v. Lawrence County Poor Board et al., June term, 1933, no. 77 (not reported). No other conclusion would be just. Suppose a work relief employe sustains a specific loss such as the loss of an arm. Would it be argued that he is not to receive compensation? The fact that the claimant in the case before us continued to receive the food order after his injury is immaterial. While he worked, he received the food order as wages. Before he worked and after he was injured, he received the food order, not as wages, but as a gift from the government. Consequently, there is no basis for the contention that he suffered no compensable loss. This claimant may be permanently disabled. He may become a charge upon public charity. If defendant's contention is sound, then he would not be entitled to compensation in any event simply because immediately prior to his employment and immediately after it he received relief.

The compensation board, in support of its conclusion, relied in a measure upon the Act of June 3, 1933, P. L. 1515. This act is not applicable because it is not retroactive, but it is of assistance in determining whether or not prior to its enactment a work relief employe was within the Workmen's Compensation Act. The Act of 1933 is a supplement to the Workmen's Compensation Act and it defines "work relief employe". Such employes are specifically included in the compensation act, but they are not allowed compensation during the first 26 weeks of disability. The work relief employer may be relieved of liability under the compensation act by paying to the State Work Relief Compensation Fund 25 cents per week for each work relief employe used by such employer. The purpose of the act appears from the Governor's footnote in explanation of his approval of it. He says that under existing law, all political subdivisions engaged in work relief must carry workmen's compensation insurance, the rate for which was fixed by the insurance companies at $1 per week per person used in work relief. This rate the Governor deemed prohibitive, and the plain purpose of the act was to reduce the rate to 25 cents per week. In return for the reduced rate, the commencement of the payment of disability compensation was postponed. It is thus apparent that insurance companies, public bodies, legislature and executive, all considered work relief employes as employes within the meaning of the Workmen's Compensation Act, and the Act of 1933 was enacted in order to make it possible to carry on work relief at a rate of insurance which would not be prohibitive. As we have already demonstrated, the interpretation placed upon the Workmen's Compensation Act was correct. A work relief employe was covered fully by that act prior to the supplementary act of 1933. Consequently, the compensation board did not err in concluding that the claimant was an employe of the Board of Supervisors of Rush Township, and that he is entitled to compensation for

disability resulting from injuries sustained in the course of his employment.

We must again point out to the compensation authorities the necessity of reducing the award to dollars and cents to the date of the award. This is required because we must, in affirming the award, enter judgment for the claimant. It appears from the record that the claimant's compensation commenced on December 12, 1932, and that he was totally disabled until August 9, 1933, at least. This is a period of 34-2/7 weeks and amounts, at $3.50 a week, to $120. We shall enter judgment for this amount and medical expenses of $47.

And now, July 23, 1934, defendant's exceptions are dismissed, the award of the workmen's compensation board is affirmed and judgment is entered in favor of the claimant and against the defendants in the sum of $167, with interest on accumulated payments to the date of the first payment, payments of compensation to continue beyond August 9, 1933, in accordance with the award of the compensation board. From M. M. Burke, Shenandoah.