## Commonwealth v. Gunther

574

L. C. *Burstin*, for Commonwealth.

A. A. *Bluestone*, for defendant.

LENCHER, J., May 17, 1938.—We have adjudged defendant not guilty in the matters above entitled, to wit, an alleged violation of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, in that he is alleged to have driven at a speed of 45 miles per hour on a highway on which there were posted official signs indicating a 35-mile speed limit, and section 406, art. IV, of The Vehicle Code, providing that the registration card must be in possession of the operator of the motor vehicle while the vehicle is being operated upon the highway.

For such help as it may give to motorists and to law-enforcing officers, we point out some defects in this record of such a material nature as to destroy jurisdiction of the subject matter itself. From the record it is impossible to determine the legal nature of the proceeding immediately after defendant was taken into custody by the arresting officer while defendant was driving on Duquesne Boulevard, a public highway—a State highway—running through the City of Duquesne. The police officer did not

commence the summary proceeding by the filing of an information, but after the supposed arrest the police officer took defendant before a police sergeant in the municipal building of the City of Duquesne. No magistrate was there and no copy of any information was given to defendant. He was given a receipt, signed by the sergeant of police, for $10 demanded of him: $5 as bail for appearance to answer the charge that he did not have his registration card in his possession, and $5 as bail to appear and answer a charge that he was driving over 35 miles an hour.

A State highway patrolman may arrest on view without writ or warrant where the alleged offense is visited at its worst only by summary conviction. Even then, a State highway patrolman who thus arrests on view must be in uniform and identified by his badge in the first place, and even he must forthwith take the arrested autoist before a magistrate—not a police sergeant or police officer —and forthwith make and file with the magistrate before whom the arrested person is taken an information which sets forth in detail the offense, and at once deliver to the arrested driver a true copy of that information, setting forth in detail the offense and directing the arrested person specifically when and where to appear.

A city patrolman or traffic officer may always halt an autoist driver, make inquiries, take names and addresses, may still arrest on view where these has been an accident likely to call for a charge of involuntary manslaughter, or aggravated assault and battery, may continue the traditional power to arrest for felonies or misdemeanors. However, a city patrolman or local traffic officer may not arrest on view for speeding or for the alleged violation of any other so-called summary provision of The Vehicle Code, that is to say, provisions such as are, at worst, punishable only by and through a summary conviction: Commonwealth v. Charles, 114 Pa. Superior Ct. 473, 480.

In the matter now before us, the arresting police officer alone testified that he followed defendant and timed

defendant's speed on the police officer's own motorcycle. While we understand and appreciate the motives which move Commonwealth counsel to ask us repeatedly to abide by the dissenting opinion in Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252, our court has been shown no reason for departing from the majority decision therein, and there is no other appellate court decision to the contrary. A careful reading of section 1002 (d), as amended by section 2 of the Act of June 5, 1937, P. L. 1718, reveals no change in the principle of this decision. It is still the law of Pennsylvania that when the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision, such time shall be taken by not less than two peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one peace officer, except as otherwise provided in the acts, and no such measured stretch shall be less than one eighth of a mile in length; under all other conditions, the rate of speed shall be timed for a distance of not less than a quarter of a mile by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of 30 days prior to the alleged violation. It is admitted that defendant was first apprehended by the officer within a business or residence district in the City of Duquesne.

Another matter presents itself to us in the case at bar, namely, that the City of Duquesne has not yet obtained the approval of the Secretary of Highways for its local regulation of kinds and classes of traffic on a State highway route within Duquesne. It is admitted that defendant was arrested while driving on Duquesne Boulevard, which is part of a State highway. We respectfully point out to local authorities the mandatory nature of sections 1103, 1105, and 1106 of The Vehicle Code, as amended by

the Act of 1937, supra. Where State highways are not concerned, we are taking judicial notice that intersection markers, traffic notices, signs, and signals do have the size, position, place, location, and design required by the Secretary of Highways. As a matter of common and general knowledge, and for obvious reasons of convenience and expediency we assume that all of these traffic signs, signals, and markings have been locally constructed in accordance with the law and have the approval of the State Highway Department as official signs, signals, markings, and placements.