## Commonwealth v. Urbanowicz

*D. J. McLaughlin,* for Commonwealth.
*Thomas S. Mszanowski,* for defendant.

KITTS, P. J., January 5, 1942.—On October 7, 1941, defendant, Alois Urbanowicz, also known as Aloysius Urbanowicz, was arrested under The Vehicle Code of May 1, 1929, P. L. 905, art. VI, sec. 620 (*f*), reënacted on June 22, 1931, P. L. 751, sec. 2, and reënacted and now incorporated under the Act of June 29, 1937, P. L. 2329, sec. 1, for driving a motor vehicle on the highway under the influence of intoxicating liquor, at the instance of a member of the Erie Police Department. The arrest was made on view by the peace officer.

On October 7, 1941, or the same day, defendant was arraigned before Alderman Lyle W. Orr of the Fourth Ward of the City of Erie, Pa. At the time of the arraignment the contents of the information were read to defendant and a hearing was set for October 13, 1941. At the time of the hearing counsel for defense objected to the jurisdiction of the alderman because, first, defendant was not furnished with a copy of the information and, second, the information did not set forth in detail the offense with which defendant was charged according to The Vehicle Code of May 1, 1929, P. L. 905, art. XII, sec. 1203 (*a*), reënacted on June 22, 1931, P. L. 751, sec. 2, wherein a certain procedure for an arrest must be followed when the arrest on view is made by a peace officer. These two objections were overruled by the alderman. After the hearing of the testimony the case was sent over to the court of quarter sessions for the November term of court, 1941.

Prior to the indictment presented to the grand jury which returned the same as a true bill, counsel for the defense contended through a petition which was presented to quash the arrest and proceedings before the committing magistrate, that the procedure for the ar-

rest was not followed according to the act of assembly, thereby leaving the alderman without jurisdiction.

The question of law resolves itself around the interpretation of The Vehicle Code of 1929, art. XII, sec. 1203(a), as amended, 75 PS §733, which reads as follows:

"Arrests on View or With Warrant—(a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

Neither the counsel for the Commonwealth nor counsel for the defense can find any cited cases from the Superior or Supreme Court of Pennsylvania interpreting this act and it is the opinion of the court that this legal point is brought here for the first time. In our interpretation of this statute we must agree with the counsel for defense, for the act under which defendant is being charged is a criminal statute and under the rules of procedure the terms of a criminal statute must be construed strictly. There is no question of doubt in our mind that it is necessary under this particular statute that the information must be complete in its charge against defendant and that a copy of the same must be furnished to defendant, for the Pennsylvania Legislature has made itself clear in setting forth the procedure. Therefore, the alderman or justice of the peace must follow the expressed procedure in the statute and if this procedure is not followed the alderman has no jurisdiction of the case before him and defendant must be discharged. Counsel for the Commonwealth pointed out to the court in his argument that there are cases showing that the State police have made arrests

on view without furnishing a copy of the information to defendant. This view is correctly taken, but there is a distinction between peace officers and State police in that these requirements are not necessary where the State police make an arrest on view. Peace officers under the decisions of the Supreme Court are considered local officers and they do not have the same powers as the State police. Therefore, when a statute refers to the peace officers it means the local officers and, as a result, the State authority is excluded from the statute as in the particular case. See Commonwealth v. Charles, 114 Pa. Superior Ct. 473, 476. Under similar statutes enacted prior to the statute in question, the courts have ruled that the record showing an arrest on view must also show that the officer making the arrest made and filed with the magistrate before whom the person arrested was taken an affidavit setting forth in detail the alleged violation of the act, and also furnished a copy thereof to defendant. See Byers v. Commonwealth, 57 Pitts. 319.

In Commonwealth v. Horrocks, 9 D. & C. 519, the court said one who is arrested on sight for violation of The Vehicle Code is entitled to be discharged where no formal complaint is made or affidavit filed setting forth the offense charged nor copy furnished defendant as required by law. The fact that defendant enters bail in quarter sessions is not a waiver of irregularities.

*Order*

And now, to wit, January 5, 1942, the rule on the petition to quash arrest and proceedings before the committing magistrate is hereby made absolute and it is ordered that the indictment presented to the grand jury be withdrawn and defendant be and is hereby discharged.