## Commonwealth v. Krivonak

*Burton R. Laub*, district attorney, for Commonwealth.

*Richard D. Agresti*, for defendant.

KITTS, P. J., May 29, 1942.—On July 26, 1941, defendant was arrested under subsection (*a*) of section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, reënacted June 22, 1931, P. L. 751, and again reënacted and now incorporated in the Act of June 29, 1937,

P. L. 2329, 75 PS §634, for failure to stop his automobile after an accident, at the instance of Police Officer Don McCurdy, the prosecutor before Alderman George J. Brabender of the Sixth Ward of the City of Erie, Pa. On the same day a hearing was held before the alderman and defendant pled guilty to the charge. The case was sent over to the court of quarter sessions for the September term, 1941.

The facts in the case are undisputed: That is, that defendant was driving his car east on Eighteenth Street and that he struck an unattended vehicle at Welch's Garage, at Eighteenth and Wallace Streets in the City of Erie.

Counsel for defendant petitions to have the case stricken from the records for the reason that the charge was improperly brought before the court because, according to the facts of the case, the charge comes within subsection (d) of the act instead of subsection (a), making the charge one to be disposed of by the alderman upon summary conviction and carrying a fine of $25 instead of the penalty under subsection (a) which demands a maximum of $300 and/or three years' imprisonment.

The question of law resolves itself around the interpretation of the amendment of June 29, 1937, supra. Subsection (a) of section 1025 of the Act of 1929, supra, and as reënacted in the amendment of 1937, reads as follows:

"(a) The driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property, shall immediately stop such vehicle at the scene of such accident."

This subsection has been on the statute books since 1929 as stated in the foregoing. The 1937 amendment added subsections (c), (d), and (e). In the amendment under subsection (d) the legislature makes a specific provision covering the facts set forth in this case. Subsection (d) is as follows:

"(d) The driver of any vehicle, street car, or trackless trolley omnibus, which is involved in an accident with any vehicle or property which is unattended, shall immediately stop, and shall then and there either locate and notify the operator or owner of such unattended vehicle, or the owner or custodian of such unattended property, of the name and address of the driver and owner of the vehicle involved in such accident with the unattended vehicle or property, or shall leave in a conspicuous place, in or upon the unattended vehicle or property, a written notice, giving the name and address of the driver, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof, and also shall, within twenty-four (24) hours, forward to the department a similar notice regardless of the amount of damage done to such unattended vehicle or property."

In the penalty clause pertaining to subsection (d) the legislature's intent and purpose was to have the alderman take final jurisdiction when an unattended vehicle is hit by another vehicle and the driver of the second vehicle fails to stop at the scene of the accident. This subsection was enacted subsequent to subsection (a), thereby showing that the legislature intended to modify the general subsection and that the charge under subsection (d) was not considered serious enough to clutter the quarter sessions courts and that these cases could be disposed of in the minor courts.

In Waits' Estate, 336 Pa. 151, 154, the Supreme Court states, in its interpretation of a statute, the general rule, that is, ". . . where there is a conflict between two provisions of a statute, one of which is specific and the other merely general, the specific provision will control unless it is clear that the legislature intended otherwise, or some other canon of statutory construction compels a contrary conclusion." This same reasoning is found in Commonwealth ex rel. v. Kline et al., 294 Pa. 562. See also Buckley v. Holmes et

al., 259 Pa. 176, Philadelphia v. Commonwealth, 270 Pa. 353, Commonwealth v. Charles, 114 Pa. Superior Ct. 473, and Endlich, Interpretation of Statutes (1888), sec. 216.

Subsection (d) of the Act of 1937 was enacted some eight years after subsection (a) was placed on the statute books. Therefore, the specific provision of subsection (d) was for the purpose of modifying the general provisions of subsection (a) and should be controlling.

". . . where there is a conflict in the provisions of a statute, the last clause in point of order shall prevail. . .": Commonwealth v. Chester County Light & Power Co., 339 Pa. 97, 100.

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail": section 63, art. IV, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §563.

Counsel for the Commonwealth contends that this charge could be brought under either subsection (a) or subsection (d) of the Act of 1937, giving the prosecutor the opportunity to make his selection. We assume that the provisions under subsection (a) are broad enough to cover the charge in this particular case, but " 'Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate' . . .": Kolb v. Reformed Episcopal Church of the Reconciliation, 18 Pa. Superior Ct. 477, 481.

The legislature made itself clear in setting forth the amendment, for it provided different penalties for the violation of each section. In one section the penalty is by summary conviction and in the other section the final jurisdiction is in the quarter sessions court. Therefore, in the minds of the legislators there was no conflict between the two sections. There is no doubt that it was the intent of the legislature that each section should be determined separately, and it is impossible to harmonize the two sections under this intent.

We must conclude that the facts bring this case definitely under subsection $(d)$ and not under subsection $(a)$.

And now, to wit, May 29, 1942, the rule heretofore granted on defendant's motion to have the case stricken from the record is made absolute.